Jones *vs.* Killebrew.

---

AMANDA M. JONES, executrix, plaintiff in error, *vs.* AMANDA KILLEBREW, defendant in error.

1. A judgment in the following language: " By the agreement of counsel that the consideration in the above stated case was that of negro property— ordered that the judgment in the above stated case be set aside, and be forever null and void," being illegal on its face, may be set aside on motion, at any time within seven years from its rendition.

2. The agreement of counsel recited in the above judgment, extends only to the fact that the consideration in the case was slave property. It does not embrace the entire order or judgment.

Judgments. Statute of limitations. Before Judge KIDDO. Clay Superior Court. March Term, 1875.

Reported in the opinion.

R. E. KENNON, for plaintiff in error.

JOHN T. CLARKE, for defendant.

JACKSON, Judge.

At the December term, 1868, of Clay superior court, in the case of Amanda Killebrew, plaintiff in judgment, *vs.* Amanda Jones, executrix, defendant, the following judgment was rendered: "By the agreement of counsel that the consideration in the above stated case was negro property, ordered that the judgment in the above stated case be set aside, and be forever null and void." At the fall term of the same court, 1874, a motion was made to set aside this judgment as illegal; and at the spring term of 1875, the court granted the motion and set aside the judgment of 1868; and this is the error assigned.

1. It is quite clear to us all that a motion may be made to set aside a judgment which is illegal on its face *after* the term of the court at which it had been rendered was passed. Indeed, if action was had at the term when rendered, a motion to arrest the judgment would be the remedy; if at any subsequent term, a motion to set it aside. This is the difference, and the only difference, our own Code expressly makes between the two motions. It declares, in language too plain for doubt, "that the motion in arrest of judgment must be made during the term at which such judgment was obtained, while a motion to set it aside may be made at any time within the statute of limitations:" Code, sections 3587, 3588. If the motion to set aside an illegal judgment be any remedy at all, it is a remedy which must be used at a term subsequent to that at which the judgment was rendered; for the motion to arrest the judgment is the remedy prescribed during the term when the illegal judgment was rendered. The question, then, comes back to this: may a motion to set aside a judgment because it is illegal on its face, be made at all? Is this one of the legal remedies prescribed for attacking it? If it be not the only one, but some one of the remedies the law prescribes for the

Jones *vs.* Killebrew.

defendant to attack an illegal judgment against him, then *the* *time* for the attack is fixed by the statute, and that time is a term of the court after that during which the judgment was rendered. Now, that this is a remedy, both the common law, and the sections of our Code quoted and cited above, make too clear for cavil: 3 Blackstone, 313, and note; Code, sec. 3587. The great question, therefore, is, what is the statute of limitations within which the motion to set aside a judgment may be made? This question confronts us in this case. Is the statute referred to in section · 588 of our Code that limiting the life of the note on which this judgment was rendered, or is it that which limits the vitality of the judgment? If the former be the limit, this motion is barred; if the latter, it is in time. By reference to the Code, it will be seen that the first chapter of title IV., part III., is devoted to the subject of verdicts and *judgments.* Of these, the first article treats of verdicts; the remaining six, of *judgments.* Of these six, the fourth article is on the subject of *judgments,* "how attacked and herein of motions in arrest of judgment." In this fourth article are the two sections cited, 3587, which provides for a motion in arrest of the judgment and a motion to set it aside "for any defect not amendable which appears on the face of the record or pleadings," and 3588, which distinguishes between the two, that a motion in arrest must be made at the term when the judgment is rendered, and a motion to set aside at a subsequent term " within the statute of limitation." Thus, the chapter treats of *judgments,* the fourth article of the mode of attacking *judgments,* and the two sections quoted, of the modes of attack called motions in arrest and motions to set aside; and in the latter of these two sections, in the fourth article of chapter first of the third part of the Code, on the subject of *judgments,* occur the words " within the statute of limitations." Mark, we are construing these sections of our Code and trying to ascertain the true meaning of these words, " within the statute of limitations." To what statute of limitations do the words refer? Within what time, under these words, must the motion to set aside an illegal *judgment* be made? Now

the entire chapter, except the first article, which treats of verdicts, is on the subject of *judgments;* the particular article in which these two sections are codified is on the subject of *attacking judgments;* and the two sections quoted are on the subject of the two modes of attack, the motion in arrest and to set aside, and *when* each may be made to vacate an illegal *judgment.* What, I ask, is the statute referred to? What is the limitation the law means to fix within which the motion to set aside may be made? Most clearly, to my mind, the limitation alluded to must be that applied to *judgments.* Remember that the chapter, the article, the section, in which the words occur, all are treating of *judgments;* and surely then, the statute of limitations therein referred to must be the statute of limitations about *judgments.* If any other act of limitations had been referred to, it would have been specifically mentioned; in the absence of any specification of another act of limitation, the words, of course, refer to the subject matter of the statute, and will be so construed. Besides, *one* statute is referred to; not a half dozen. The words are the statute, in the singular number; not the statutes, in the plural. Again, it is not *a* statute, as if to be enacted in the future; but the definite article *the* is used, as if to say, *the* statute now in existence and of force. I cannot for a moment suppose that the general assembly, in enacting this section and inserting this limitation clause therein, could have referred to a statute to be enacted in the future; lying concealed in the head of future legislators. Such a construction would make them legislate contrary to that fundamental principle of all law, that it be declared, proclaimed, *published.* If such had been their purpose, if they did not mean a statute then on the statute book and of force, but if they had in view some other limitation, is it not reasonable to suppose that as wise legislators, they would then and there have declared the limitation? How easy to have said, " within a given number of years," instead of within *the statute of limitations;* and would they not have done so, had not *the statute of limitations in regard to judgments* been in their mind's eye, particular, certain, well de-

fined, and capable, as they thought, of easy ascertainment by the application of the simple rules of construction applicable to all law? So, I think, the words, the context, the subject matter, all refer to the limitation on the life of a judgment, and make seven years the time within which *this remedy by motion to set aside* may be applied.

How is it in respect to the effects and consequences of the two constructions? That for which I contend makes the rule uniform and simple. The effect and consequence of the construction is one limitation, one period, within which all judgments, if illegal on their face, may be set aside on motion. The uniformity and equality, and certainty and clearness of the rule, if the statute be so construed, do commend it to my judgment. Put the other construction upon it, and what then? Into what a wilderness will we plunge, and did the legislature mean to put us there? Not only is there no solid rule of construction on which to rest the idea, that if the judgment be founded on a bond or sealed instrument, a motion is in order to set it aside for twenty years, if on a note, six years, if on open account, four years, if on trespass to the person, two years, if on libel or slander, one year, but in what labarinths of confusion will it involve the law? And if to these intricacies be added all the disabilities before the cause of action accrued, and after it accrued, in the cases of married women, infants, insane persons; persons imprisoned, defendants out of the limits of the state, joint actions, some of the parties barred and others not barred, discovery of fraud, set-offs, how impenetrable will be the thickets, and impossible our extrication from them! Can it be possible that the general assembly designed to make a rule that would work such confusion, and ought such a construction to be put upon their act? But not only do the words, the context, the subject matter, and the effects and consequences demand the construction we put upon these words, but the reason and spirit of the act equally require it. If the judgment be dormant, asleep, dead, there is no use nor sense in setting it aside. It can be met when sued upon or sought to be revived, by plea, and

strangled before it breathes again; but while it is awake and active, during the seven years of its life, the defendant is in constant danger of having execution to issue thereon and to be annoyed with levies upon his property. It is reasonable that within that period he may move to brush this illegal annoyance out of his path.

I am aware that I am now arguing this question as applicable to judgments for money. Within what period of time, did the general assembly intend that a motion must be made to set aside such a judgment? Clearly they had judgments for money in view when they enacted this section of our Code. Those are the more numerous and the more important judgments. Within what time must a motion be made to set aside an illegal moneyed judgment under this section and within these words of limitation? If we were now considering such a judgment—a judgment for money—illegal on its face—and a motion made to set it aside, I do not believe that there would be any two opinions about the meaning of these words, "within the statute of limitations." The universal conclusion would be, seven years is the meaning, for seven years is the limit of the life of a judgment.

The whole trouble grows out of the fact that we are considering a class of judgments which are not for money themselves, but which have vacated and annulled moneyed judgments; but I submit that the statute itself makes no distinction between different classes of judgments, but puts them all upon an equality, and sets the same limit upon all in respect to the time within which they may be set aside for illegality on their face. If that time be seven years in respect to a judgment for money, it is seven also in respect to all other judgments.

Again, in regard to the reason and spirit of the law, a judgment for money is a debt of record. It assumes a higher form of indebtedness. It has emerged into a new life. The sealed instrument, the contract in writing, the parol contract, the *tort*, have all dropped the cerements of the past and are born again. Each is a new being, clothed with a new body and totally dif-

ferent and superior powers and functions; and whatever dignity, or lack of dignity, in respect to duration of existence, or any other quality, each had before this renewed life and changed estate, is now gone forever; and all of them are now equal in power, dignity and duration. "Let the dead past bury its dead." Let us not, by strained constructions to meet a fancied, or even a real, hardship, raise these dead bodies with all their buried differences, and thus involve the living in inextricable confusion. But let us give the words their natural meaning gathered from the old rules of construction, and apply the same term of seven years as the time within which a motion may be made, under our Code, to set aside any or all for illegality appearing on their face.

2. But it is said that the parties in this case agreed that the judgment rendered at December term, 1868, be then and there ordered by the court, and that they are estopped by the agreement. We cannot so construe this agreement. It is clear to us that they agreed that *the consideration of the cause of action was slave property;* not that the judgment should be set aside and declared null and void forever. The latter was the judgment pronounced by the court, and predicated upon the agreement that the consideration of the suit was negro property Without passing, therefore, upon the legal effect such an agreement would have had, had it been made as contended for, it is enough, in this case, to say that we can discover no such agreement in this record.

On the entire case, we conclude that there was no error in the court in setting aside the illegal judgment of 1868, and affirm the judgment.

Judgment affirmed.