## Dugan *vs.* McGlann.

1. A judgment may be vacated for fraud, accident or mistake, unmixed with the negligence or fault of the complaining party, by decree in chancery, or in a court of law with appropriate pleadings, but cannot be set aside on either of those grounds on motion.
2. Is not a judgment void where service was perfected but fourteen days before the appearance term, upon the ground that there has been no service ?

Judgments. Practice in the Superior Court. Service. Before Judge CRISP. Webster Superior Court. September Term, 1877.

Reported in the decision.

D. B. HARRELL, for plaintiff in error.

GUERRY & SON ; W. A. HAWKINS, for defendant.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that on the 13th of September, 1876, an issue was formed and tried in Webster superior court, between certain judgment creditors of S. M. Grubbs, as to who was entitled to the money in the sheriff's hands arising from the sale of his property. McGlann claimed the money as having the oldest judgment against Grubbs, obtained in the county of Chattahoochee. The junior judgment creditors of Grubbs attacked McGlann's judgment on the ground that Grubbs had not been served with process as required by

law, and therefore his judgment was void.   On the trial of that issue, the jury, under the charge of the court, found a verdict against McGlann's judgment.   The case was brought up to this court, when the writ of error was withdrawn, and the judgment in the court below was affirmed by operation of law, and that judgment was made the judgment of Webster superior court on the 19th of March, 1877.   On the 21st of March, 1877, McGlann made a motion in writing to set aside that judgment on the ground that the only evidence on the trial of the issue, was what purported to be an exemplification of the suit in which the judgment against Grubbs was obtained, from the superior court of Chattahoochee county, from which it did not appear that Grubbs had been served, whereas, in truth and in fact Grubbs was served by a second original process (he being a resident of Webster county), as is shown by a full exemplification of the record from the superior court of Chattahoochee county of that suit, and that the exemplification of the judgment which was offered in evidence upon the trial of the issue, and upon which the verdict was rendered, was fraudulently obtained, and that part of it which showed service upon Grubbs was purposely omitted.   The court ordered the judgment to be set aside, whereupon Dugan, one of the judgment creditors of Grubbs, excepted.

Unless it appears on the face of the judgment that it is void, or that the pleadings are so defective that no legal judgment could have been rendered in the case, a judgment cannot, as a general rule, be set aside on motion.   There is nothing apparent on the face of the judgment rendered by the court, on the 19th of March, 1877, nor in the pleadings, going to show that judgment to be void.   The judgment of a court of competent jurisdiction, may be set aside for fraud, accident, or mistake, unmixed with the negligence or fault of the complaining party, by a decree in chancery, or in a court of law under our practice, by appropriate pleadings, and by making the necessary parties to the proceeding for that purpose—but cannot be set aside

upon either of those grounds upon motion, as was done in this case.

2. Besides, it is by no means clear that the judgment obtained in the superior court of Chattahoochee county was not void for want of service so far as the defendant Grubbs was concerned. It appears by the sheriff's return upon the second original for Webster county, that the defendant Grubbs was served with the copy writ and process, only fourteen days before the sitting of the court to which it was made returnable, whereas the law required that it should have been served at least fifteen days before the first day of the term of the court. This is not a case in which it appears from the sheriff's return that the defendant had been served according to law, but on the contrary it is affirmatively shown by the sheriff's return, that the defendant was not served according to law, and the question is, was that illegal service by the sheriff any service at all in contemplation of the law? In our judgment, the court erred in setting aside the judgment of the 19th of March, 1877—on the statement of facts contained in the record.

Let the judgment of the court below be reversed.