## TURNER *vs.* JORDAN, administrator.

1. Where an attorney, who had represented a defendant in his lifetime, agreed for the administrator of the defendant to be made a party before the expiration of the first year of administration, on a motion by the administrator to set aside the judgment rendered in such suit, he was not disqualified from testifying by reason of the death of the attorney.

2. A judgment against an administrator, who was made a party by consent of counsel who did not represent him (though he had represented the intestate), and without his knowledge, before the expiration of the first year of his administration, could be set aside in a court of law with proper pleadings and with all parties in interest as parties to the motion, the motion being made at the first term after notice to the administrator.

3. Such facts appearing, the judgment was properly set aside.

Witness. Judgments. Administrators and Executors. Attorney and Client. Before Judge Hood. Terrell Superior Court. May Term, 1881.

A suit was pending in Terrell superior court in favor of Turner *vs.* Reviere. The defendant died, and Jordan became his administrator. Parks and Wooten had been the attorneys of the intestate, the former having more particularly the charge of the case. During the first year of the administration the administrator was made a party. Parks consenting thereto, and the case was continued. At a subsequent term it was tried, and a verdict and judgment rendered for the plaintiff. At the next term the administrator made a motion to set aside the judgment. He alleged that Parks had never been employed by him nor authorized to represent him; that he had administered the assets in his hands, and had no notice whatever of the suit or judgment against him until after the adjournment of the term at which such judgment was rendered; and that he had a good defense thereto. He testified substantially to the same facts. There was some other testimony not material here. Plaintiff objected to him as a witness, on the ground that Parks had died. The court

sustained the motion, and set aside the judgment. Plaintiff excepted.

GUERRY & SON, for plaintiff in error.

HAWKINS & HAWKINS; J. G. PARKS, for defendant.

JACKSON, Chief Justice.

This was a motion to set aside a judgment on the ground that the administrator was made a party in less than twelve months after the death of intestate without his consent, or the consent of any counsel employed by him, and without his knowledge.

The entire case, law and fact, was submitted to the court, and the judgment was set aside. Whereupon the plaintiff excepted, and assigns for error here three points.

1. The first is that the administrator was incompetent to testify, Parks, the counsel, or one of counsel employed by the intestate, being dead. Parks was not a party in any sense, neither to the contract or cause of action, nor was there any conflict of pecuniary interest to him between him and the administrator. The judgment in this case could not be used in any other suit for or against him, and the administrator is competent to testify in respect to his employment or non-employment by him. Whatever interest the administrator had goes to his credit and not to his competency.

2. Secondly, it is alleged that the motion to set aside the judgment cannot be entertained in this case, for the reason that the defect does not appear on the face of the judgment or record. The motion was made as soon as the administrator heard of the judgment at the next term thereafter, and is in time. The pleadings are full, the grounds distinctly alleged, and all parties in interest are made parties to the motion. This takes this case without the ruling in 60 *Ga.*, 353. That was a proceeding between two judgment creditors contending for the funds in court.

of the defendant in execution. One judgment creditor attacked the judgment of another, and the defendant in the judgment was not made a party.

3. Thirdly, it is assigned for error that the judgment is wrong. The testimony is clear that the counsel employed by the decedent gave the consent, but that none of them were employed by the administrator. The administrator has important rights of his own at stake in addition to those of the estate, and it is easy to see how those rights might be put in jeopardy by failure to file pleas which might protect him from personal liability. He had twelve months given him by law before he could be made a party, and yet is made one before that time expired by persons wholly unauthorized to consent for him. In *Dobbins vs. Dupree*, 39 *Ga.*, 394, this court set aside a judgment confessed by the attorney of defendant, as the record showed, upon *aliunde* proof that the attorney was not retained by the defendant. That case covers and controls this.

Judgment affirmed.