## REGOPOULAS *v.* THE STATE.

1. In obedience to rulings heretofore made, it is held that a motion to set aside a judgment, like a motion to arrest it, must be predicated on some defect apparent on the face of the record. , The two differ only in respect of the time at which each must be made.
2. It follows from the foregoing that a motion to set aside a judgment in a criminal case, upon the ground that the accused had, upon demand for a list of the witnesses upon whose testimony the charge against him was founded, been furnished with an incorrect list, was properly overruled.

Argued October 23,— Decided December 9, 1902.

Indictment for misdemeanor. Before Judge Barrow. Chatham superior court. August 18, 1902.

*G. T. & J. F. Cann,* for plaintiff in error.
*W. W. Osborne, solicitor-general,* contra.

COBB, J.   When this case was here before, it was held that the failure of the solicitor-general to furnish the accused with a correct list of the witnesses upon whose testimony the accusation against him was founded was not a good ground to arrest the judgment, for the reason that the failure to comply with the demand was not a defect appearing upon the face of the record.   See *Regopoulas* v. *State,* 115 *Ga.* 232.   It is now sought to set aside the judgment on a motion filed for that purpose.   It has been repeatedly held by this court that a motion to set aside a judgment must be based upon some defect which appears on the face of the record.   *Dugan* v. *McGlann,* 60 *Ga.* 353; *Pulliam* v. *Dillard,* 71, *Ga.* 598; *Artope* v. *Barker,* 74 *Ga.* 462; *Clark's Cove Guano Co.* v. *Steed,* 92 *Ga.* 440; *Mize* v. *Americus Mfg. Co.,* 109 *Ga.* 359.

See also, in this connection, *Jones* v. *Killebrew*, 55 *Ga.* 153.
There can be no doubt that at common law a motion to set aside
a judgment could be predicated upon any irregularity in the judg-
ment, whether appearing upon the face of the record or not. See
the remarks of Judge McCay in *Fannin* v. *Durdin*, 54 *Ga.* 479,
et seq. Judge McCay contended in the case just cited that the
provisions of our code were merely declaratory of the common law,
but there was no ruling to this effect; what was said on the sub-
ject being simply obiter. See *Aiken* v. *Peck*, 72 *Ga.* 435. In
*Longman* v. *Bradford*, 108 *Ga.* 572, a judgment was set aside,
upon motion, for a defect not appearing upon the face of the rec-
ord. Whether any point was made as to the remedy pursued in
that case does not appear from the reported decision; but if the de-
cision be treated as an authoritative ruling on the subject, it must
yield to the ruling made in the earlier decisions which are cited
above. These decisions, however, do not go to the extent of hold-
ing that there is no way known to the law of this State to set aside
a judgment which is void for an irregularity not appearing on the
face of the record. The rulings simply are that this can not be
done by motion. In *Dugan* v. *McGlann*, supra, Mr. Chief Justice
Warner says: "The judgment of a court of competent jurisdic-
tion may be set aside for fraud, accident, or mistake, unmixed with
the negligence or fault of the complaining party, by a decree in
chancery, or in a court of law under our practice, by appropriate
pleadings, and by making the necessary parties to the proceeding
for that purpose, but can not be set aside upon either of those
grounds upon motion, as was done in this case."

In *Turner* v. *Jordan*, 67 *Ga.* 604, a judgment was set aside by a
proceeding at law for a defect which did not appear upon the face
of the record. That was a proceeding founded upon appropriate
pleadings, with the grounds distinctly alleged, and all parties at in-
terest brought before the court. Mr. Chief Justice Jackson said
that a case thus brought was not within the rule laid down in
*Dugan* v. *McGlann.* Upon a critical examination of the facts of
the case of *Turner* v. *Jordan*, it is very hard to perceive any dis-
tinction between that case and an ordinary motion to set aside a
judgment. But be this as it may, if the distinction pointed out by
the learned Chief Justice exists, that case is not in conflict with
the earlier rulings; and if it does not exist, the case is clearly in
conflict with the earlier rulings and must yield to the same.

It seems to be now settled, so far as the rulings of this court are concerned, that the only difference between a motion in arrest of judgment and a motion to set aside a judgment is as to the time within which each must be made. The former must be made during the term at which the judgment was rendered; and the latter may be made at any time within three years from the rendition of the judgment. The defect in the judgment sought to be set aside in the present case not being one which appeared upon the face of the record, the motion was properly overruled.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*

LITTLE, J., concurring specially. I agree to the judgment rendered in this case only because I am bound to do so by the early adjudications pointed out by Mr. Justice Cobb in his opinion.