## UNION COMPRESS COMPANY *v.* LEFFLER & SON.

1. In a proper proceeding by petition with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularities not appearing on the face of the record.

2. Judgments can be arrested or set aside on motion only for defects appearing on the face of the record.

3. The original motion in arrest of the judgment against the garnishee was insufficient, because it sought to take advantage of defects appearing on the face of the separate and distinct record in the case against the main defendant.

4. Rule 44 (Civil Code, § 5675), requiring all grounds in a motion in arrest to be insisted upon at once, does not interfere with the right of the movant to amend at any time prior to final decision.

5. If the motion is once granted for any reason, and the judgment thereon is set aside, the motion is still pending, with the right of the movant to amend, as in the first instance.

6. Where a motion in arrest was granted by the trial court, and that judgment was reversed by the Supreme Court, until the remittitur was entered the motion in arrest was still so far pending as to be enough to amend by

7. There was no demurrer, nòr does the record disclose what oral objections were urged against the allowance of the amendment.    It was in time, and should have been allowed.

Argued March 8, — Decided March 27, 1905.

Motion to arrest judgment.    Before Judge Hammond.    Richmond superior court.    November 12, 1904.

The attachment affidavit was against W. O. Jones.    The attachment bond was made payable to W. O. Jones.    The writ of attachment was against Jones Brothers.    The return of this writ shows that garnishment thereunder was served upon the Union Compress Company.    The garnishee failed to answer.    A default judgment thereupon issued against the garnishee for $329.48 principal, $149.42 interest, and costs.    At the same. term of the court the Union Compress Company moved in arrest of the judgment rendered against it as garnishee, on the ground that it appears on the face of the record that the judgment rendered against the defendants was void for reasons set out, all of which related to the invalidity of the judgment in the main case against W. O. Jones as a member of the firm of Jones Brothers.    This motion in arrest was sustained.    The order of the court arresting the judgment was reversed on the ground that the judgment in the main case was not a part of the record .in the garnishment case, of which the garnishee could avail itself.    *Leffler* v. *Union Compress Co.*, 121 *Ga.* 40.    On the return of the remittitur, and before it was entered in the court below, the garnishee offered a written amendment wherein it alleged that the judgment in the garnishment case was void, because the record therein disclosed that the affidavit upon which both the attachment and the garnishment were based alleged that W. O. Jones as an individual was indebted to the plaintiff, and that the bond was payable to W. O. Jones, while the attachment was issued against Jones Brothers and the summons of garnishment called upon the garnishee to answer what it was indebted to Jones Brothers; because from the face of the judgment against the garnishee it was recited' and appeared that the plaintiffs had obtained a judgment against W. O. Jones instead of against Jones Brothers, and that until they had obtained a judgment against Jones Brothers they were not entitled to a judgment against the garnishee for what it might be indebted to that firm.    On the presentation of this

amendment the court granted leave to file the same, and ordered a hearing on the motion to amend, after notice to the plaintiffs, before the remittitur was entered.   On November 12, 1904, the motion to amend came on to be heard, and counsel for the garnishee urged its motion to amend the original motion in arrest of judgment.   After argument the judge passed the following order: "The within and foregoing amendments are refused." He thereupon entered judgment in favor of Leffler & Son against the Compress Company for $478.90, "being the principal and interest and costs of court recovered by Leffler & Son against Jones Brothers, a firm composed of W. O. and F. N. Jones, and the further sum of $18.88, interest on the principal, and $22.70  .  . cost paid  .  .  to carry the  .  . case to the Supreme Court." The garnishee excepted.

*William H. Fleming*, for plaintiff in error.

*Brooks & Picquet, Johnson & Young*, and *Jacob Gazan*, contra.

LAMAR, J.   (After stating the foregoing facts.)   The judgments of every court of record may for good cause be opened, vacated, or amended during the term.   It may be that the ground of the attack on the judgment is such that the complaining party can obtain relief only in a court of equity.   Or, it may be that relief may be had at law and in the court which rendered the original judgment.   And while the remedy by motion is limited, by the Civil Code, § 5362, to cases where the defect appears on the face of the record, the court is not deprived of the jurisdiction to grant relief against judgments irregularly or improperly obtained.   If the irregularities are of a nature which could have been taken advantage of by motion at common law (*Fannin* v. *Durdin*, 54 *Ga.* 479), the same relief can now be obtained in this State by petition, to which all necessary parties have been made, and where either a rule to show cause or regular process has been attached and duly served.   *Turner* v. *Jordan*, 67 *Ga.* 604; *Dugan* v. *McGlann*, 60 *Ga.* 353; *Regopoulas* v. *State*, 116 *Ga.* 597.

3. Here the garnishee proceeded by motion in arrest. It could not, therefore, take advantage of defects appearing in the separate and independent record wherein the judgment was obtained against the main defendant.   For this reason the original motion was improperly sustained. *Leffler* v. *Union Com. Co.*, 121 *Ga.* 40.

4. But when the remittitur ordering a reversal was transmitted to the lower court, there was something to amend by. The garnishee could add a good ground to those which had been held insufficient. There was no demurrer, general or special, to the amendment offered after the remittitur was returned, but before it was filed. The ground of oral objection does not appear in the record. From the argument we are led to conclude that Leffler & Son objected thereto for the reason that Rule 44 (Civil Code, § 5675) declares, "that all grounds of motion for nonsuit, in arrest of judgment, for continuance, all objections to testimony, and all exceptions to declarations must be urged and insisted upon at once; and after a decision upon one or more grounds, no others afterwards urged shall be heard by the court." While the rule itself may be varied to prevent injustice (*Paris* v. *Hightower*, 76 *Ga.* 631), it does not apply to a case like the present. It was intended to avoid delay and to prevent counsel from speculating with the court by making one point, and, when that was over-ruled, making another, and, if that was disallowed, still another, and so on, until the movant had exhausted his objections and the patience of the judge. One motion and one decision was to be an end of the matter. But until there was a decision the rule did not apply so as to deprive a party of his right to amend. After there has been a ruling, the movant is precluded by the decision, both by the operation of rule 44 and the general provision that a party is bound not only by what he has pleaded but by what he could have pleaded before the judgment was entered. So here, if the decision on the original motion in arrest had been adverse to the garnishee, he could not thereafter have urged any additional grounds therefor. If that decision had been affirmed, there would have been nothing to amend by (*Hart* v. *Southern Ry. Co.*, 119 *Ga.* 930), and neither before nor after the remittitur was received could additional grounds have been urged for arresting the judgment. But the decision was in favor of the garnishee. When that judgment was reversed, the motion in arrest was still so far pending as to enable the garnishee to exercise any right of amendment, certainly so up to the time that the remittitur was made the judgment of the court below. So far as appears there was no objection that the amendment was too late, or that it set up a new cause of action, or that it did not allege matter entitling

the garnishee to the relief prayed.   The amendment was germane to the purposes of the original motion which sought to set aside the judgment against the garnishee.   The grounds of the original motion were bad.   Those in the amendment were not·-attacked as insufficient, and should have been allowed.

*Judgment reversed.   All the Justices concur.*