*J. A. Wilkes,* for defendant.

---

### FORD, administrator, *v.* CLARK.

1. A judgment founded on a verdict obtained by fraud practiced on the defendant and the court may be set aside, and the original case reinstated, in a court of law, with proper pleadings, and with all the parties at interest as parties to the motion; the motion being made at the term of the court at which the verdict and judgment were entered, and the movant showing that he was not in laches, had a meritorious defense, and announcing ready for an instant trial.

2. The motion to vacate the verdict and judgment and to reinstate the case met the requirements of the foregoing rule, and was supported by the evidence; and the discretion of the trial judge in vacating the verdict and judgment and reinstating the case was not abused.

Submitted July 3,—Decided August 14, 1907.

Motion to set aside judgment. Before Judge Mitchell. Colquitt superior court. December 17, 1906.

Ford, as administrator of Graves, instituted his action of ejectment against W. S. Clark, returnable to the April term, 1906, of Colquitt superior court. At the next term a verdict was rendered in favor of the plaintiff, and a judgment entered thereon. During the same term the defendant filed his motion to vacate and set aside the verdict and judgment, alleging that previously to the institution of the suit he had deposited his title deeds to the premises in dispute with the counsel for the plaintiff in the ejectment suit. As soon as he was served with a copy of the petition he applied to plaintiff's counsel for his deeds, for the purpose of preparing his answer to the action of ejectment, when counsel for plaintiff informed him that it was unnecessary to file any answer

to the case; that he as attorney for the plaintiff would withdraw the suit, and that the same would never go to trial. Relying upon this statement, movant did not file an answer to the suit. He avers that he had a meritorious defense to the ejectment suit, and sets out facts showing a good prescriptive title to the land embraced in the suit. He alleges that he had no knowledge that counsel for the plaintiff had violated his promise to dismiss the suit until the term of court at which judgment was taken, and after the plaintiff's counsel, without notice to him, had taken a verdict and judgment against him. He offered to file his answer instanter and announce ready for trial on the merits of the ejectment suit. When this petition was presented to the judge, he granted a rule nisi directed to Ford, as administrator, requiring him to show cause instanter why the verdict and judgment should not be set aside and the defendant allowed to file his answer as prayed. Due and legal service of the order and petition were acknowledged by counsel for the plaintiff in the ejectment suit. The plaintiff moved to dismiss the proceeding, on the ground that it was a motion to set aside a verdict and judgment, not predicated upon a defect appearing upon the face of the record. The court overruled this motion to dismiss, and the plaintiff excepted. After hearing the evidence, the court granted the motion to set aside the verdict and judgment, and this judgment also is assigned as error.

*W. C. McCall*, for plaintiff. *E. L. Bryan*, for defendant.

EVANS, J. (After stating the facts.)

1. There is no doubt that the judgment of a court of competent jurisdiction may be set aside, by the court which rendered it, for fraud and irregularity. *Mobley* v. *Mobley*, 9 *Ga.* 247. An examination of previous adjudications of this court discloses some apparent conflict as to the proper procedure. In *Dugan* v. *McGlaun*, 60 *Ga.* 353, it was said that a judgment may be vacated for fraud, accident, or mistake, unmixed with the negligence or fault of the complaining party, by decree in chancery, or in a court of law with appropriate pleadings, but can not be set aside on either of those grounds on motion. It has been repeatedly held by this court that a motion to set aside a judgment must be based on some defect which appears on the face of the record. *Regopoulas* v. *State*, 116 *Ga.* 596 (42 S. E. 1014), and cit. But

not all motions to set aside judgments are necessarily based on matter appearing on the face of the record. For example, any judgment or verdict entered up in consequence of perjury may be set aside "upon motion and notice to the adverse party." Civil Code, §5366. Here we find clear recognition of the right to set aside a judgment, on motion, for a defect not apparent on the record. In *Mobley* v. *Mobley*, 9 *Ga.* 244, there was a motion made in the court of ordinary to set aside a judgment granting letters of dismission to an administrator, on the ground of fraud. Objection was made to the evidence offered to prove the fraud alleged, on the ground "that fraudulent acts, however flagrant, could not be given in evidence" in a motion to set aside a judgment. In the course of the discussion of this point, Nisbet, J., said: "Fraud in procuring a judgment is ground for its reversal, both at law and in equity; it is an irregularity which vacates it. It may be inquired into by the court which rendered the judgment." At common law a motion to set aside a judgment could be predicated upon any irregularity in the judgment, whether appearing in the face of the record or not. Judge McCay said, in *Fannin* v. *Durdin*, 54 *Ga.* 479, that the provisions of our code were merely declaratory of the common law; but his remarks were said to be obiter dicta in the case of *Regopoulas*, supra. Be that as it may, we find that, as early as the case cited from 9 *Ga.*, it was considered proper procedure, to vacate a judgment procured by fraud, to file a petition addressed to the court wherein the judgment was rendered, distinctly alleging the specific fraud, and praying a rule against all the parties interested, to show cause why the judgment should not be set aside. When the rule was served, the court, on the day therein appointed, would proceed to hear evidence relating to the alleged fraud. This practice was approved in *Turner* v. *Jordan*, 67 *Ga.* 604. In the late case of *Union Compress Co.* v. *Leffler*, 122 *Ga.* 640 (50 S. E. 483), it was held: "In a proper proceeding by petition, with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularities not appearing on the face of the record." See also *Ayer* v. *James*, 120 *Ga.* 578 (48 S. E. 154). Whether such proceeding be technically a motion to set aside a judgment, or denominated by other appropriate

name, it is certainly a proceeding in a court of law, and it would be immaterial to the parties haled into court whether they were cited to appear by a rule issued by the judge, or process in the name of the judge, issued by the clerk.

2. The movant submitted evidence to sustain the truth of the grounds of his motion. He proved that he had a meritorious defense to the ejectment suit, viz., a good prescriptive title. His motion was made at the trial term of the ejectment suit, and he offered instantly to plead and to announce ready for trial. The plaintiff in ejectment would not have been delayed, for he could not have had a trial at an earlier term of the court. The movant was diligent, in that he moved instantly upon knowledge that the plaintiff had taken judgment against him in violation of his promise to dismiss the suit. An application to vacate a verdict and judgment is addressed to the sound legal discretion of the judge; and the court did not err, under the evidence submitted, in setting aside the verdict and judgment, and in reinstating the case.

*Judgment affirmed. All the Justices concur.*