## 2168.  LYONS *v.* THE STATE.

1. On the trial of a criminal case the court received the verdict during the enforced absence of the defendant, who was incarcerated in the common jail of the county. The defendant in no manner waived either his own right to be present in person, or his right to have his counsel present when the verdict was rendered. *Held,* that the verdict was a nullity; and a petition to the court setting forth the facts, upon which a rule was issued and served upon the solicitor representing the State, was appropriate legal procedure for the purpose of having the verdict set aside, and the court erred in dismissing the petition on demurrer.

2. The defendant in a criminal case, whether felony or misdemeanor, has the right to be present in person and by his attorney during every stage of the trial, from the arraignment to the verdict; and this right can

not be waived by the attorney, except by the express authority of the defendant.

3. A verdict was received by the court in a criminal case in the absence of the defendant, who was in jail at the time, and in the absence of the attorney for the defendant. Before receiving the verdict, the judge telephoned to the attorney, asking him whether he would waive his right to be present and have the jury called, and, in reply, the attorney stated that he did waive his right to be present, and directed the judge to receive the verdict. The attorney, when he made the waiver, did not know of the absence of the defendant. *Held*, that this did not constitute a waiver of the defendant's right to be present when the verdict was received, or of his right to have the jury polled.

Accusation of misdemeanor; from city court of Newnan—Judge Freeman. September 20, 1909.

Submitted October 25,—Decided November 9, 1909.

*W. G. Post,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.

HILL, C. J. The plaintiff in error filed in the city court of Newnan a petition in which he alleged, that he was indicted by the grand jury of Coweta county for the offense of selling whisky, and was tried on said indictment by a jury in said court; that after the evidence had been submitted to the jury and the charge of the court delivered, the jury retired to consider of their verdict; and that sometime thereafter it was announced to the court, or to the judge thereof, that the jury had reached a verdict in the case; the the court thereupon caused the jury to be brought into open court and the verdict received and the jury discharged; that when the jury was brought into the court, and the verdict received and the jury discharged, he was absent by reason of the fact that he was incarcerated in the common jail of Coweta county; and he was for that reason denied his legal right to be present at the rendition of the verdict and to exercise his legal rights at that time. He further alleged that the presence of his attorney of record was waived by the attorney, but not by himself or by any one authorized by him to do so; that when the jury announced that they had agreed on a verdict the judge telephoned to the attorney and asked if he would waive his (the attorney's) presence at the reception of the verdict and the call of the jury; and the attorney (who was then at home) replied that he would waive his presence, and told the judge to receive the verdict. He alleged that the verdict was one finding him guilty of the charge as made in the indictment. "The premises considered, petitioner prays *(a)* that said verdict rendered during

the compulsory absence of your petitioner be by the court set aside and your petitioner discharged; *(b)* that the solicitor of the city court of Newnan be served with such notice of the filing of this motion as the court may direct." The petition was sworn to by the petitioner and his counsel and was filed at the term at which the verdict was rendered. The judge granted a rule nisi setting the petition for a hearing and directing that the solicitor of the city court of Newnan be served with a copy of the petition and order five days before the hearing. The solicitor of the city court appeared at the time set for the hearing, and filed demurrers, on the grounds, (1) that the facts set out in the motion are not sufficient in law to authorize the setting aside of the verdict; (2) that the motion is not predicated on any defect apparent on the face of the record, and for this reason should be dismissed. The court sustained the demurrer and denied the motion to set aside the verdict; and this constitutes the error complained of. We will consider the two questions made, in the inverse order in which they are stated in the bill of exceptions.

1. In support of his demurrer that the petition in this case was not a proper legal procedure, counsel for the State relies upon the decision of the Supreme Court in the case of *Regopoulas* v. *State,* 116 *Ga.* 596 (42 S. E. 1014). In that case the Supreme Court held that a motion to set aside a judgment, like a motion to arrest it, must be predicated on some defect apparent on the face of the record, the two differing only in respect to the time in which each must be made. The decision was by four Justices, and one of the four concurred in it because, as he stated, he was bound to do so, by the early adjudications of the court. Nevertheless, the decision is binding upon this court as a precedent, until reviewed and reversed, whatever may be the opinion of this court as to its soundness. In the subsequent case of *Ford* v. *Clark,* 129 *Ga.* 292 (58 S. E. 818), Mr. Justice Evans calls attention to the fact that, notwithstanding the frequent decisions of the Supreme Court which hold that a motion to set aside a judgment must be based on some defect which appears on the face of the record, not all motions to set aside judgments are necessarily based on matter appearing on the face of the record. And he cites section 5366 of the Civil Code, which contains a clear recognition of the right to set aside a judgment on motion, for a defect not apparent on the face of the record; and in

the very case of *Ford* v. *Clark*, supra, the Supreme Court unani-mously approved of the motion to set aside and vacate a judgment founded on a verdict obtained by fraud practised on the defendant. While an examination of the decisions of the Supreme Court dis-closes some conflict as to the proper procedure to be adopted to set aside a judgment rendered by a court of competent jurisdiction, for fraud and irregularity, it seems to have been uniformly held, as far back as the case of *Mobley* v. *Mobley*, 9 *Ga.* 247, that, to vacate a judgment procured by fraud, it was proper procedure to file a peti-tion distinctly alleging the specific fraud, and praying a rule re-quiring that all the parties interested show cause why the judgment should not be set aside. When the rule was served, the court, on the day therein appointed, would proceed to hear evidence relating to the alleged fraud. See *Turner* v. *Jordan*, 67 *Ga.* 604; *Union Compress Co.* v. *Leffler*, 122 *Ga.* 640 (50 S. E. 483). In the latter case it was held, that "in a proper proceeding by petition, with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularities not ap-pearing on the face of the record."

This is not a motion to set aside a judgment; because there seems to have been no judgment rendered in the case. It is a peti-tion to vacate and set aside a verdict, for an irregularity not ap-pearing on the face of the record, on which a rule was issued and served; and it certainly constituted a proceeding in a court of law having full jurisdiction of the subject-matter alleged in the peti-tion. We know of no other full and adequate remedy for a party deprived of his right as alleged in this petition than the one adop-ted. The rendition of the verdict during his enforced absence, without a waiver by himself, deprived him of a constitutional right. The error is hardly one that would be proper matter in a motion for a new trial; and if the defendant were compelled to resort to a motion for a new trial to correct such error, he would be prevented from asserting another great constitutional right,—the right not to be again placed in jeopardy for the same offense. Neither his counsel nor himself was present to object to the recep-tion of the verdict. Certainly it could not be expected that he would be required to file a bill in equity, if such a thing could be done, to get rid of this verdict which had been improperly rendered

in his absence. The procedure which he adopted was a direct and simple procedure for the assertion of his rights and for the application of the remedy for which he prayed. It was a remedy approved by Chief Justice Warner, speaking for the court, in the case of *Nolan* v. *State,* 53 *Ga.* 138, as follows: "It was the legal right of the defendant to be present when the verdict was rendered; and had a motion to set aside such verdict been made on the ground of his absence, it should have been granted." "If the defendant is not present when the verdict is rendered, that is a fact extrinsic of the record, and may be shown on a motion to set aside the verdict for that reason." "A verdict rendered during the compulsory absence of the defendant is illegal, and will be set aside on motion," *Barton* v. *State,* 67 *Ga.* 653 (44 Am. R. 743). The procedure adopted in this case is in accord with the trend of modern judicial utterance and legislative enactment to do away with all technical niceties of pleading and to present to the court, clearly and simply, the issues involved in the case.

2. It can not be questioned that the defendant had a right to be present during the whole of the trial and until the rendition of the verdict. This is a right so clearly and generally established that we deem it unnecessary to cite any authority. In some jurisdictions it is held that this right is limited to cases of felony, but the Penal Code of this State makes no distinction in this respect between felonies and misdemeanors. The accused has the right in *all* criminal cases to be present during the entire trial, not only in person, but also by his counsel. Constitution of Georgia, art. 1, sec. 1, par. 4. "The presence of the counsel was no substitute for that of the man on trial. Both should have been present." *Bonner* v. *State,* 67 *Ga.* 510; *Martin* v. *State,* 51 *Ga.* 567; *Wilson* v. *State,* 87 *Ga.* 584 (13 S. E. 566). "The great point is that the accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case." *Bagwell* v. *State,* 129 *Ga.* 172 (58 S. E. 650).

3. In some jurisdictions it has been held that this right of the defendant to be present during the trial and until the rendition of the verdict could not be waived at all, either by himself or by his counsel. But in this State the defendant can waive any right guaranteed to him by the law or the constitution (*Wiggins* v. *Tyson,* 112 *Ga.* 750 (38 S. E. 86) ) ; and it has also been held that

a defendant who is out on bond can constructively waive his right to be present at any stage of the trial. *Barton* v. *State,* supra. It is admitted in this case that the defendant was in jail, that he was not present when the verdict was rendered, and that he personally did not waive his right to be present. It is, however, contended that his counsel waived this right for him. Whether his counsel had the right to make any waiver of the defendant's presence is to the writer a very serious question. There is weighty authority for the statement that a waiver of this right must be the act of the accused himself, and not that of his counsel. People *v.* Perkins, 1 Wendell, 91; Rex *v.* Streak, 2 Car. & P. 413; Rose *v.* State, 21 Ohio, 31; Young *v.* State, 39 Ala. 357; Prine *v.* Commonwealth, 103 Pa. 103. In this last case the learned Chief Justice uses the following strong language: "What authority had the prisoner's counsel in this case to waive the defendant's presence on the pretext of convenience? In a criminal case there is no warrant of attorney, actual or potential. It is unnecessary, however, to speak of delegated authority, for the right of a prisoner to be present at his trial is inherent and inalienable." If it be said that counsel for the prisoner in this case had the right to waive his own presence at the rendition of the verdict, and also the right to waive the polling of the jury, can it be claimed that he had the right to do this much in the absence of his client and without the express authority of his client to make such waiver? The prisoner had the right to have his attorney present at the rendition of the verdict. This it seems to me is a right which not the attorney, but the client alone, can waive. Of course, it is generally the practice where both counsel and client are present in court, on the trial of criminal cases, for many important rights of the client to be waived by counsel. But we do not think that in the trial of a criminal case the waiver of an attorney of his right to be present at the rendition of the verdict is binding upon his client. The man on trial has not only the right to be present in person, but to have his counsel present. A fair construction of the telephone conversation between the judge and the attorney does not lead to the conclusion that the attorney intended to waive the presence of the defendant when the verdict was rendered. He was not informed by the judge that the defendant was not present, and he probably had the right to assume that the defendant was present, and that the request of the

judge as to the waiver was applicable to himself alone. According to the allegations of the petition, there was no waiver by the defendant of his right to be present when the jury rendered the verdict. There was no waiver of his right to have his attorney present, and the waiver of his attorney must be construed as limited to the right of the attorney to be present. If these allegations of the petition were proved, the verdict would be a nullity and should be set aside. *Judgment reversed.*