21755. ALLEN v. ALLEN.

SUBMITTED SEPTEMBER 11, 1962—DECIDED OCTOBER 4, 1962.

*Greene, Neely, Buckley & DeRieux,* for plaintiff in error.
*Cook & Palmour,* contra.

ALMAND, Justice. The question for decision is whether or not a defendant in a divorce action who was not personally served with petition and process and who did not acknowledge or waive service or appear or plead in the case, can, at the term in which a divorce was granted to the plaintiff, file in the divorce case a motion to vacate and set aside the divorce decree on the ground that at the time of the purported service upon her, by leaving a copy of the petition and process at her most notorious place of abode in Chattooga County, Georgia, she was domiciled in and a resident of Fulton County, Georgia.

The record discloses that Jack B. Allen filed his action for divorce against Katherine Allen on December 6, 1961. The sheriff made entry of service on December 7, 1961, to the effect that on that day he served the defendant by leaving a copy of the petition and process at the defendant's most notorious place of abode. The court granted a final decree of divorce on January 29, 1962. On February 26, 1962, during the term in which the divorce was granted, the defendant filed her motion to set aside and vacate the decree on the ground that the court was without jurisdiction in that she was not a resident of Chattooga County at the time of the purported service and rendition of the decree. On this motion a rule nisi was granted. On the hearing the court sustained the plaintiff's demurrers that (a) the motion fails to set forth any defense to the suit and (b) the defendant is attempting to file a pleading in a case in which a final decree has been entered.

1. Art. VI, Sec. XIV, Par. I of the Constitution of 1945, (*Code Ann.* § 2-4901) provides that divorce actions shall be

brought in the county where the defendant resides. A decree in a suit brought in a county other than that in which the defendant was a resident is void. See in this regard *Haygood v. Haygood*, 190 Ga. 445 (9 SE2d 834, 130 ALR 87). A judgment of a court having no jurisdiction of the person is a mere nullity and may be so held in any court where it becomes material to the interest of the parties to consider it. *Code Ann.* § 110-709. A superior court retains plenary control over its judgments during the term in which they are entered and, in the exercise of sound discretion, may revoke them. This inherent power applies to all judgments, save those which are founded on verdicts. See *Bowen v. Wyeth*, 119 Ga. 687 (1) (46 SE 823), and *East Side Lmbr. Co. v. Barfield*, 193 Ga. 273 (1) (18 SE2d 492). The authorities are in general accord that a judgment will not be set aside after the expiration of the term in which it was rendered for defects not appearing on the face of the record which are amendable (*Code Ann.* § 110-702), on a motion made in the case in which the judgment is rendered; but can only be reached by a separate and independent action in the court in which it was rendered with the proper parties and with process. In the case of *Jackson v. Jackson*, 199 Ga. 716 (35 SE2d 258), relied on by the plaintiff, the motion to set a divorce decree aside on the ground that the defendant was not a resident of the county in which the divorce was granted, was filed after the term at which the divorce was granted. It was there held that the motion or pleading was fatally defective in that the essential process required by *Code Ann.* § 81-201 was not attached. Here the motion was filed at the term of court in which the decree was entered. There are other decisions of this court that hold a motion to set a judgment aside, made during the term in which it was rendered, not for any defect appearing on the face of the record but on the grounds of fraud, may be entertained by the court by mere motion made in the case. The case of *Ford v. Clark*, 129 Ga. 292, 294, 295 (58 SE 818), holds: "In the late case of *Union Compress Co. v. Leffler*, 122 Ga. 640 (50 SE 483), it was held: 'In a proper proceeding by petition, with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at

common law, to set aside judgments for irregularities not appearing on the face of the record.' . . . Whether such proceeding be technically a motion to set aside a judgment, or denominated by other appropriate name, it is certainly a proceeding in a court of law, and it would be immaterial to the parties haled into court whether they were cited to appear by a rule issued by the judge, or process in the name of the judge, issued by the clerk." The ruling in this case has been consistently followed.

In the instant case the attention of the court was called, during the term in which the divorce decree was rendered, to the fact it had rendered a divorce decree as to a party who was not a resident of the county in which the proceeding was had. Its jurisdiction to render the decree was challenged. Whether she was or was not subject to the jurisdiction of the court is not now before us. The sole question is whether the court erred by sustaining the demurrers to her motion and denying her an opportunity to prove alleged facts which, if proven, would render the decree void. Having a right to challenge the decree by motion during term time, it was error for the court to deny her a hearing by the sustaining of the demurrers to her motion. See *Maxwell v. Cofer*, 201 Ga. 222 (39 SE2d 314); and *Dover v. Dover*, 205 Ga. 241 (53 SE2d 492).

*Judgment reversed. All the Justices concur.*