44305. BARBER v. CANAL INSURANCE COMPANY.

DEEN, Judge. In the Atlanta Judicial Circuit the chief judge of the superior court "shall have power to make such rules as he shall deem necessary or proper . . . not in conflict with the general laws of this State, which rules, when entered on the minutes of said court, shall be binding upon the other judges of said circuit." Ga. L. 1963, pp. 646, 647. "The phrase 'but not in conflict with the general laws of this State' obviously distinguishes the administrative rule-making power of the individual courts from the general rules of practice and procedure of the superior courts fixed by law." *Fulton County v. Woodside,* 222 Ga. 90, 99 (149 SE2d 140). By general law the judge may, in his discretion, require the clerk to make a calendar of all cases pending in court. *Code* § 24-3343. "The rules of the court are the law of the court, until repealed, unless they are repugnant to the Constitution and statutes of the State." *Chapman v. Gray,* 8 Ga. 337 (3). "Rules of practice and procedure are not technicalities, but, on the contrary, are fundamentally important to the administration of justice by the courts." *Tyndale v. Mfrs. Supply Co.,* 209 Ga. 564 (2) (74 SE2d 857).

On September 21, 1965, there was in effect as a rule of the Superior Court of Fulton County the following: "Hereafter,

and until further order, counsel or parties in cases may rely upon announcements made from day to day in the Fulton County Daily Report as to the calendar and status thereof." The plaintiff Barber had previously filed a tort action for personal injuries against Grooms, and had joined as a party defendant its insurance carrier Canal Insurance Company under the provisions of *Code Ann.* § 68-612. Grooms had not been served; Canal was in default. Although the case did not appear on any published calendar, and without notice to either defendant, the case was tried by the plaintiff and a verdict returned against the insurer in the amount of $50,000, which was as a matter of fact double the amount of its coverage.

Nothing further was done for three years and the defendant remained ignorant of the rendition of the judgment. Not until October 9, 1968, when execution was sought to be levied, did it become cognizant of its predicament. It thereupon filed a motion in arrest of judgment which is here attacked on the ground that, not being filed within a three-year period, it is unavailable.

This is true unless the judgment is void due to an unamendable defect appearing on the face of the record. Since the fact that the judgment is in excess of the coverage and the fact that the plaintiff failed to prove the policy and the extent of coverage as he should have done (see *St. Paul Fire &c. Ins. Co. v. Fleet Transport Co.,* 116 Ga. App. 606, 609 (158 SE2d 476)) cannot be ascertained without examination of the evidence in the case which is not a part of the record on a motion in arrest of judgment (*Adams v. Morgan,* 114 Ga. App. 180 (2) (150 SE2d 556)) they cannot therefore be considered.

However, courts have the inherent power to take cognizance of their own rules and processes, and these are things which need not be proved because they are subject to judicial notice. The trial judge, upon it being called to his attention that the case had been tried in violation of a rule of the court that counsel could rely upon the court calendar as published in the Fulton County Daily Report, set the judgment aside. The unusual forbearance of the plaintiff in waiting exactly the three-year period of limitation after the entry of the judgment before seeking to enforce it no doubt added weight to the affidavit of the defendant that it had no notice or knowledge during that time of the pendency of the judgment, since,

under *Williams v. Linn,* 108 Ga. App. 629 (5) (133 SE2d 892) it is error to refuse to set aside a jury verdict awarding damages against a defendant in default where the case is not put on the calendar and the defendant is not notified of the trial so as to enable him to be present. "The construction placed upon its own rules by a court of original jurisdiction is conclusive where it does not clearly appear that such construction is wrong and that an injustice has been done." *Perry v. Maryland Cas. Co.,* 102 Ga. App. 475 (2) (116 SE2d 620). The action of the trial court in setting the judgment aside is a judicial determination that such judgment is void as contrary to fair trial procedures, the court itself having by rule decreed that the defendant may always rely upon the calendar as published and having itself inadvertently violated the rule in entering up judgment in the absence of that or any other notice to the defendant. The discretion of the trial court in so construing one of its own rules is very broad, and the order setting aside the judgment obtained under these circumstances is

Affirmed. *Bell, P. J., and Eberhardt, J., concur.*

ARGUED MARCH 4, 1969—DECIDED MAY 1, 1969—
REHEARING DENIED MAY 22, 1969—

*Burt & Burt, Donald Rentz,* for appellant.
*Lokey & Bowden, Hamilton Lokey, Charles M. Lokey,* for appellee.