### 46931. NEWELL ROAD BUILDERS, INC. v. RAMIREZ et al.

BELL, Chief Judge. The plaintiffs caused an attachment to issue against property of defendant and a levy was made. Defendant filed a replevy bond after the levy. Plaintiffs also filed a declaration in attachment and a notice to defendant that the attachment was returnable to the September term of superior court. Personal service on defendant was made on July 16, 1971. No defensive pleadings were filed within the time prescribed. Plaintiffs, in September, 1971, obtained a default judgment for their damages on a jury verdict as the claim was one ex delicto. In November, 1971, defendant simultaneously filed a motion and complaint in equity to set aside and vacate the default judgment. Plaintiffs moved to dismiss

the complaint. The subject matter of both cases being the same, the trial court consolidated the matters and heard and decided both at the same hearing. It was stipulated at the hearing that defendant had received notice of the attachment, the declaration, and the notice to defendant, but that defendant received no notice that plaintiff would seek a default on September 10, 1971. It also appears from the record without dispute that this case did not appear on the trial calendar for the term of court at which the jury trial was held and that plaintiff did not comply with a local rule of court requiring that a party desiring a trial must notify the clerk in writing 30 days prior to the opening of court with a copy furnished to the opposing party. The motion to set aside was overruled and the plaintiffs' motion to dismiss, treated as one for summary judgment, was granted. The defendant filed this appeal in the Supreme Court and the latter transferred the case to us, presumably, because the appeal involves no equity and is a matter at law. *Held:*

The only basis for the relief sought must be found in the provisions of CPA § 60 (d) (*Code Ann.* § 81A-160 (d)), which provides in part: "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." On appeal, while conceding that it has no standing to contest its liability to plaintiffs, defendant contends that the default judgment should be set aside because it was never given notice of the trial before a jury on the question of ' damages. CPA § 55 (a) (*Code Ann.* § 81A-155 (a)) provides in part that before plaintiff is entitled to judgment by default in an action ex delicto plaintiff must prove his damages before a jury with the right of the defendant to introduce evidence as to damages. CPA § 40 (c) (*Code Ann.* § 81A-140 (c)) states that "The courts shall provide for the placing of actions upon the trial calendar (1) without request of the parties but upon notice to the parties, or (2) upon request of a party and notice to the

other parties." However, this provision must be construed in pari materia with CPA § 5 (a) (*Code Ann.* § 81A-105 (a)). The latter section contains a provision that "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial . . ." By its failure to plead, the defendant waived all notice of any trial on the limited issue of the amount of damages and there was no requirement to place the case on the trial calendar or for plaintiff to comply with the local rule. Having chosen to ignore the requirement to file a timely responsive pleading, it was incumbent upon the defendant to take positive steps to notify the trial court that it wanted to exercise its right to participate in the trial on the question of damages. This it could have done by a timely request to the trial court to place the case on the trial calendar under CPA § 40 (c) (2), supra. We have considered the cases of *Williams v. Linn,* 108 Ga. App. 629 (133 SE2d 892) and *Barber v. Canal Ins. Co.,* 119 Ga. App. 738 (168 SE2d 868). *Williams* was decided at a time prior to the Civil Practice Act. *Barber* was decided after the passage of the Civil Practice Act. The local court rule in *Barber* which required notice as to the status of a case even to a party in default is inconsistent with CPA § 5 (a). CPA § 83 (*Code Ann.* § 81A-183) states "Each court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with the provisions of this Title or any other statute." The holding in *Barber v. Canal Ins. Co.,* supra, is overruled.

As there was a waiver of notice of the trial on the question of the amount of damages, there is no nonamendable defect apparent upon the face of the record or pleadings and defendant is not entitled to the relief requested. See *Newton v. Newton,* 226 Ga. 440 (175 SE2d 543).

*Judgment affirmed. Hall, P. J., Eberhardt, P. J., Deen, Quillian, Clark, and Stolz, JJ., concur. Pannell and Evans, JJ., dissent.*

ARGUED JANUARY 31, 1972—DECIDED JULY 10, 1972—
REHEARING DENIED JULY 31, 1972—

*Glover & Davis, Welborn B. Davis, Jr.,* for appellant.

*Sanders, Mottola, Haugen, Wood & Goodson, Gus L. Wood, Clifford A. Cranford,* for appellee.

PANNELL, Judge, dissenting. 1. The present case is not a motion to set aside a judgment but is a separate complaint or petition setting forth valid grounds for vacating the judgment rendered in the absence of any notice to the defendant that the trial on the question of damages would be had, and is thus not controlled by provision of Section 60 (d) of the Civil Practice Act.

2. *Williams v. Linn,* 108 Ga. App. 629 (133 SE2d 892) and *Barber v. Canal Ins. Co.,* 119 Ga. App. 738 (168 SE2d 868) are controlling in the present case and this is true of *Williams v. Linn,* even though it was decided prior to the Civil Practice Act, as they were based upon Rule 25 of the Superior Courts (Code of 1933 § 24-3324), now Rule 43 (*Code Ann.* § 24-3343), which is still in existence, unrepealed. Paragraph (c) of Section 40 of the Civil Practice Act provides: "The courts shall provide for the placing of actions upon the calendar (1) without request of the parties but upon notice to the parties, or (2) upon request of the party and notice to the other parties. Except for cause cases shall be placed upon the calendar in chronological order in accordance with filing dates. Precedence shall be given to actions entitled thereto by any statute." The present case had not even been placed upon the trial calendar, and before it could be placed thereon the defendant was entitled to the notice required, and there is no requirement of the law that the defendant must notify the court that it desires to be notified, or that it desires the case be placed upon the calendar, under Section 40 of the CPA. He is not complaining that the trial judge would not set the case for trial, he is complaining because the trial court did, without notice.

The majority rely completely upon Paragraph (a) of Sec-

tion 5 of the Civil Practice Act, which reads as follows: "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial. . ." The defendant here was not required to file any pleadings in the case in order to introduce evidence, question witnesses, select a jury and contest the amount of damages. See *Williams v. Linn,* 108 Ga. App. 629, supra. Section 5 of the Civil Practice Act and the proviso above quoted apply only to one who fails to file pleadings which are required by the Act to be filed in order to be entitled to participate at the time and place of the trial. Insofar as the damages are concerned, the defendant is by law entitled to attend the trial, introduce evidence as to damages, help select a jury and examine witnesses, even though he has filed no pleading denying liability in the case or contesting liability. And he is entitled to attend such trial and have notice thereof and is not required to notify the court, as contended by the majority.

Since Section 5 (a) of the Civil Practice Act does not apply as a waiver of a right of notice to trial, as to that portion of the case for which no pleadings are required by defendant, such as contesting the amount of damages, there is no inconsistency in the court rule in the *Barber* case and Section 5 (a) of the Civil Practice Act. Nor is the rule of court in this case requiring the plaintiff to give 30 days notice to the clerk if plaintiff desired his case set down for trial inconsistent with any statute. See in this connection, *Seifert v. Holt,* 82 Ga. 757 (1) (9 SE 843).

EVANS, Judge, dissenting. Plaintiffs obtained a verdict and judgment against defendant in the Superior Court of Coweta County by default, despite the fact that the case was not on the trial calendar, and despite the further fact that a local rule of court required all parties desiring a trial of their actions to notify the clerk in writing 30 days prior to the opening of court, and to send a copy to the opposite party, *and which rule was not complied with.*

Defendant filed a complaint in equity to have the verdict and judgment set aside, to which summons was attached

and copy of which was regularly served upon the plaintiffs. Thus, in this action the original defendant was plaintiff, and the original plaintiffs became defendants.

The majority opinion mistakenly concludes that this was a "motion to set aside" as contemplated by *Code Ann.* § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240) and further mistakenly concludes that relief could be granted only because of "some non-amendable defect which does appear upon the face of the record or pleadings." *Code Ann.* § 81A-160 (d) is substantially the same as the former law as contained in *Code* §§ 110-703 and 110-705.

This was not a "motion to set aside"; this was a petition or complaint in equity, with process (summons) attached, wherein the original plaintiffs were sued and served as defendants. The law as to "motions to set aside" for "non-amendable defects which appear on the face of the record" is not applicable. The difference is clearly spelled out in *Union Compress Co. v. Leffler & Son,* 122 Ga. 640 (1, 2) (50 SE 483), which is approved and upheld in *Allen v. Allen,* 218 Ga. 364, 365 (127 SE2d 902). Also on this point see *Dugan v. McGlann,* 60 Ga. 353 (1) and *Turner v. Jordan,* 67 Ga. 604 (2) and *Lyons v. State,* 7 Ga. App. 50, 53 (66 SE 149). A "motion to set aside" is different from a suit or complaint which attacks the judgment, separate and apart from the original suit. See *Code Ann.* § 81A-160 (b), supra. A motion to set aside may be made only in the original action, and is limited to "defects which appear on the face of the record" (see *Union Compress Co. v. Leffler & Son,* 122 Ga. 640, 642, supra), but any judgment which has been "irregularly or improperly" obtained may be set aside by a separate suit. The suit may be in equity or at common law, with appropriate pleadings. See *Dugan v. McGlann,* 60 Ga. 353 (1), supra. The relief which may be granted is not limited to non-amendable defects or defects which appear on the face of the record.

The majority opinion urges that in the original suit, defendant waived its right to receive notice by failure to file defensive pleadings, citing *Code Ann.* § 81A-105 (a).

But the defect in the verdict and judgment is not the failure of defendant to receive notice of the time and place. *The case never did reach the trial calendar.*

No case can be tried unless it is on the trial calendar. *Code Ann.* § 81A-140 (c) provides for two methods of placing cases on the trial calendar as follows: 1. Without request of the parties but upon notice to the parties, or 2. Upon request of a party and notice to the other parties. It is certainly true that defendant in the original suit *waived* his right to notice; but the only way that plaintiffs could try the case and secure verdict and judgment was to first get the case on the calendar; and the only way they could get it on the calendar was to follow the mandate of the above statute, which spells out in clear and unmistakable language that under No. 1 or No. 2, there had to be "notice to the parties." And although defendant may waive his right to notice by failure to timely file defensive pleadings, the statute in question was not enacted solely for the benefit of the defendant, but also conferred rights upon the trial judge and the clerk of court. Plaintiffs had to comply with the statute before his case was ripe for trial.

But going a step further, the local rule of court is admitted by the defendants, and they also admitted they had not complied with it, which required the giving of notice to the *clerk of court* 30 days prior to the opening of court before a trial could be had. It cannot be contended that the clerk of court had waived his right to compliance with this rule, which allowed him advance notice of which cases would be tried, so he might conduct the affairs of his office in an orderly fashion. Such local rules must be followed. *Code Ann.* § 81A-183.

This case was tried when it was not on the trial calendar, and the trial court erroneously sustained the motion to dismiss, which was treated as a motion for summary judgment.