No. 8.—MILES M. NORTON, plaintiff in error, *vs.* COBB & CRAWFORD, defendants in error.

[1.] A transfer of a stock of goods by H, a debtor in failing circumstances, to B a creditor, with power to sell the same at public auction, and after applying the proceeds to the extinguishment of A's debt, the balance to be turned over to C, to be used and appropriated to the satisfaction of his demand, and the residue to D for a like purpose: *Held* to be void, as falling within the prohibition of the Statute of 1818, against partial assignments.

Certiorari, in Clarke Superior Court. Decision by Judge JAMES THOMAS, at Chambers, March, 1856.

Cobb & Crawford brought suit against Perrin Benson, and issued garnishment to Miles M. Norton. Norton answered, and on his answer issue was joined, and a judgment rendered for the plaintiffs. Norton appealed. On the trial of the appeal, objection was made to the note being placed in evidence, because the summons was headed " Cobb & Crawford *vs.* Perrin Benson, and Miles M. Norton, garnishee," and the note was made by Benson only. The Court over-ruled this objection.

The affidavit and bond to obtain garnishment, was then objected to—

1st. Because the affidavit does not say the affiant " *is* apprehensive," but only " apprehensive," &c.

Norton *vs.* Cobb & Crawford.

2d. Because the affidavit does not state who constitute the firm of *Cobb & Crawford.*

3d. Because the bond was not conditioned to pay *all costs,* &c.

4th. Because the bond was given by J. B. Cobb & T. H. Crawford, and the affidavit made by J. B. Cobb for Cobb & Crawford.

5th. Because there was no certified copy of the affidavit made out by the Magistrate and delivered to the Constable, upon which the summons of garnishment might be served. These objections were over-ruled.

The main questions were upon the following assignments made by Benson, viz:

"Athens, 7 Oct. 1854. We hereby assign over the foregoing list of accounts, for value received, to Miles M. Norton, G. E. Clarke and S. S. Clarke & Co. to go to the payment of their claims against us, according to amount; and they and their agent, Capt. Wm. H. Dorsey, are authorized to collect and receipt for the same.

Witness our hands and seals the date above."

"GEORGIA, CLARKE COUNTY.:

Know all men by these presents, that I, Perrin Benson, have this day transferred to Miles M. Norton all my stock of goods which now remains on hand, of every kind and character, together with all my household effects, including my mantle clock and other articles, not by law exempt from levy and sale, for the benefit of poor debtors' families, in consideration of the sum of One Hundred and Eighty-two Dollars, principal, for which he has and holds my note; hereby giving said Norton power and authority to sell said goods at public auction to satisfy said debt. And if any balance be left, then I hereby transfer the same to Isaac M. Kenney, in consideration of Thirty Dollars due him from me. And the balance, if any is left, to one William Mason, at a full, fair valuation, with power to said Kenney and Mason to

sell said goods at public auction, in payment of debts now due and owing by me to said Norton, Kenney and Mason. Given under my hand and seal, Oct. 9th, 1854."

. These assignments were before the Jury, and evidence that Norton received more than enough to pay the plaintiffs' demand under them. The verdict was for the plaintiffs.

A *certiorari* was sued out to the Superior Court which, by consent, was heard before Judge THOMAS. He held that the first assignment was good, the last void. He granted a new trial on the objection to the summons; and also, on the *fifth* objection to the affidavit and bond.

Both parties excepted to the decision, and all the questions were submitted to this Court.

C. PEEPLES, for Norton.

THOMAS; COBB, for Cobb & Crawford.

The Court not being unanimous on all the points, delivered opinions *seriatim.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

Without repeating the objections made to the regularity of the proceeding as specified in the bill of exceptions, and pronouncing a separate judgment on each, the Court are unanimously of the opinion that none of them were sufficient, in Law, to arrest the case, except as to the omission of the word "*is*" in the affidavit. Our brother McDONALD thinks that the failure to insert those two little letters, i s, was fatal and incurable. A majority of the Court hold that the oath is good without them; and that to make sense, they are necessarily implied, and may be supplied.

We are all clear, that the assignment by Benson to Norton is void, under the Act of 1818. It is not an absolute sale, nor does it claim or purport to be. Had the assets over-paid

Norton *vs.* Cobb & Crawford.

.the debts of Norton, Kenney and Mason, could it be preten-
ded that the surplus would not revert to and belong to Ben-
son?

This is neither more nor less than a trust assignment for cer-
tain preferred creditors; and consequently, falls directly within
the prohibition of the Statute of 1818, against partial conveyan-
ces made by a debtor in failing circumstances.   This Court has
uniformly held, hitherto, that the insolvent may sell his pro-
perty to a creditor or any body else, and that he may mort-
gage or pledge it by way of security, so as not to put it be-
yond the reach of attachment, garnishment or execution;
but that he could not make a technical assignment of his ef-
fects, whereby any portion of his creditors were excluded.
Whether these rules have been properly applied in every
case which has heretofore arisen, is not for me to say.   In
*Banks vs. Clapp*, (12 *Ga. R.* 514,) I have my doubts.   I
aided in the judgment there rendered, and am responsible for
my proportion of the error, if, indeed, it be one.

In the case before the Court, I am satisfied that the instru-
ment is utterly null and void.

---

BENNING, J. concurring.

In this case the Court is unanimous on all the points deci-
ded, except that as to the sufficiency of the affidavit.

The point on the validity of the assignment of the accounts,
was not decided.

The affidavit was, I think, sufficient.

A word may be supplied if the sense requires one and the
context points out the word, and that even in the case of a
Statute.   *Brinsfield vs. Carter*, (2 *Kelly.*)

In the present case the sense requires the supply of a

word, and I think the context, naturally and fairly taken, points out *is* as that word.

Besides, is it not to be presumed that all concerned in the making of an affidavit of this sort, whether party, attorney or officer, intend a compliance with the law. If it is, then *is* is the word to be supplied; for it takes that word to make out a compliance with the law.

I think the Court below was right on this point.

McDONALD, J. dissented, but no dissenting opinion has been delivered to the Reporter.