ANSEL L. WATKINS, plaintiff in error, vs. JENKS and OGDEN, defendants in error.

S., a debtor, in failing circumstances, was indebted to W. $1,350 ; and to secure the payment "sold, transferred and assigned" notes and accounts amounting to $2,800. The original indebtedness from S. to W. was not extinguished by this assignment.

*Held*, that the transaction being neither a sale nor a mortgage, but a partial assignment, was obnoxious to the prohibition in the Act of 1818, and void.

GARNISHMENT; from Macon county. Decision by Judge POWERS, September, 1857.

Ogden and Jenks, having obtained judgment and sued out a *fi. fa.* against F. T. Snead, had summons of garnishment served on E. W. Allen, Esq., and Ansel L. Watkins. Summons of garnishment in other cases were sued out and served upon the same parties.

Watkins appeared and answered that Snead was indebted to him $1,350, besides interest, for rent, and to secure said debt he sold, transferred and assigned to respondent a number of notes and accounts amounting to about $2,800, as per schedule annexed to said assignment. That he, Watkins, placed the said notes and accounts in the hands of E. W. Allen, his attorney, for collection ; that his attorney has paid to him, as collected, the sum of forty dollars, and the remaining notes and accounts are in the hands of his attorney uncollected : besides this, that he had nothing in his hands, nor

had, at the time of the service of the summons, anything belonging to Snead, nor is nor was indebted to him anything.

The deed of assignment from Snead to Watkins is as follows :

GEORGIA,　　　　　　　 ⎫　This indenture, made and
　　 Macon county.　　 ⎰ entered, this 12th day of February, 1856, between Fletcher T. Snead, of the county of Macon, and Ansel L. Watkins, of the county of Bibb, witnesseth that, whereas, the said Fletcher T. Snead is justly indebted to the said Ansel L. Watkins in the sum of $1,350, by five promissory notes ; one for $500, dated 1st Feb., 1852, at nine months ; one for $400, dated 1st Oct., 1852, and due 12 months after date ; one for $300, dated 1st Oct., 1853, at 12 months ; one for $100, dated 1st Oct., 1854, at 12 months ; one for $50, dated 1st Oct., 1855, at 12 months ; all for rent of store.

Now to secure said Ansel L. Watkins harmless from all loss or damage, by reason of said notes and such interest as may accrue thereon, I bargain, sell, assign and convey to the said Ansel L. Watkins, his heirs and assigns, all the notes and accounts as per schedule, and hereto attached, solvent and insolvent, and hereby clothe him with full power to collect the same by suit or otherwise. And should there be enough, with reasonable diligence, to pay off and discharge said notes, that then the same be paid and cancelled. And should there be more than sufficient, that then and in such case, the said overplus be deposited in the Clerk's office of Macon Superior Court, or in the hands of the Sheriff of Macon county, as may be directed by the presiding Judge of the Macon Circuit, to be disposed of to the lien or liens that may, by priority, in the judgment of said Court, be entitled to receive the same against the said Snead.

I hereby surrender possession of said notes and accounts to said Watkins, and authorize him to collect the same in the most expeditious manner.

In witness whereof, I have hereunto set my hand and af-fixed my seal.

F. T. SNEAD, [L. S.]

Signed, sealed and delivered in presence of

R. J. PEACOCK,

E. W. ALLEN, J. I. C.

Counsel for Watkins offered to prove that all the notes and accounts assigned were not worth the sum of $1,350, and that that sum could not have been collected out of them by reasonable diligence. The Court stated that it would consid-er that proof as made.

It was admitted that Snead was a relation, by marriage, to Watkins—having married his aunt. It was further admitted that Snead was insolvent at the time the assignment was made, 12th Feb., 1856, and that plaintiff's *fi. fa.* was then is-sued, and that four other *fi. fas.*, in favor of other creditors, were issued, and other suits were pending against Snead.

The Court held the deed of assignment void, and that plain-tiffs in the *fi. fas.* were entitled to the assets and proceeds thereof, mentioned and described therein.

To which ruling and decision counsel for Watkins except-ed.

STUBBS & HILL; and E. W. ALLEN, for plaintiff in error.

COOK & MONTFORT; and MILLER & HALL, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

In *Norton vs. Cobb & Crawford, (20 Ga. Rep.* 44,) this Court held, that a transfer of a stock of goods, by a debtor, in failing circumstances, to B., a creditor, with power to sell the same at public auction, and after applying the proceeds to the extinguishment of A's debt, the balance to be turned over to C, to be used and appropriated to the satisfaction of his

demand, and the residue to D, for a like purpose, was void ; as falling within the prohibition of the statute of 1818, against partial assignments.

Our judgment is, that the transfer in this case is covered by that decision.   It is neither a sale nor a mortgage, but a partial assignment by a debtor in failing circumstances, and in violation of the Act of 1818.

Judgment affirmed.