LAMB & MATHIS, ET AL., *vs.* RADCLIFF.

A transfer, by an insolvent debtor, to one of his creditors, of his books of accounts, to collect the same, and out of the proceeds, to pay himself, and turn over the balance, if any, to the assignor, is void under the act of 1818. The cases of *Norton vs. Cobb & Crawford* (20 Ga. Rep., 44,) and *Watkins vs. Jenks & Ogden*, (24 Ga. Rep., 431,) re-affirmed.

Certiorari. Tried before Judge WORRILL, Taylor Superior Court, March Term, 1859.

George W. Radcliff brought suit in the Justices' Court of the 807th district G. M., against James L. Brasington, and garnisheed Lamb & Mathis, partners, and one David Golden. The garnishees answered, denying that they had any effects of Brasington in their hands. This answer was traversed; and on the trial of the traverse it appeared that Brasington had, by deed of assignment, transferred his books of account, containing accounts against divers persons, to Lamb & Mathis and David Golden. The accounts amounted to the sum of $593 76.

The deed of assignment was attached to the book of accounts, and was in the following words:

" GEORGIA, Marion County:

I, James L. Brasington, of said State and county, do hereby transfer all the acccunts contained on the aforesaid one hundred and eleven pages, not settled up to this date,

as collateral security to Lamb & Mathis and David Golden, to receive them for what I owe them up to this date; and I also give them the right to sue in my name for their use, or to take notes as they may deem best, and if they take note or notes, the said note or notes are to be counted and considered as money to them, as paid by myself. And as soon as they have collected the amount due each of them, they are then to return the books or notes over to me which is unsettled or uncollected. And if there is not enough on this book to pay what I owe them, I am still bound unto them for the balance that may be due them. They are also to have full control of the day books of this year. And I am not to settle or receive any amount that is on this book, without the said Lamb & Mathis or David Golden is present. And then I am to pay over the same to them, unless it be those whom I may owe, and they owing me which is on this book, and not then unless they or either of them consent to it. Witness my hand and seal, this, the tenth day of November, 1857."

(Signed)        "JAMES L. BRASINGTON."
"Test: WM. D. ELAM."

At the March Term, 1858, of said Justices' Court, Radcliff obtained three judgments against Brasington, founded on the notes sued on, which were given in settlement of accounts that were due and owing by Brasington before the date of the deed of assignment.

Brasington was insolvent at the time of making the assignment, and had no other property or effects except said accounts. Brasington was indebted to Lamb & Mathis in the sum of one hundred and forty-seven dollars, and to Golden three hundred and thirty-seven dollars.

The judgment, in the Justices' Court, was that the garnishment should be suspended until the garnishees could collect a sufficient amount to pay themselves what Brasington owed them; and that the balance, if any, should be turned over to Radcliff.

Oliver vs. McDuffie.

Upon certiorari, the judge of the Superior Court reversed the judgment in the Justices' Court, and ordered a new trial on the ground that the deed of assignment was void; and to this decision counsel for garnishees excepted.

ELAM & OLIVER, for plaintiffs in error.

BLANDFORD & CRAWFORD, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We are unable to distinguish this, from the cases of *Norton vs. Cobb,* (20 Ga. Rep., 44,) and *Watkins vs. Jenks & Ogden,* (24 Ga. Rep., 431). This transfer, like the two in those cases, is an assignment *in trust* to a certain preferred creditor by an insolvent debtor; the very thing prohibited by the act of 1818.

Judgment affirmed.

Judge STEPHENS absent, on account of the illness of one of his children.