STEPHENS vs. THE GATE CITY GAS-LIGHT COMPANY.

1. Where a copy of the declaration and account was served personally on the defendant, and no plea was ever filed, no answer made at the appearance term, and no counsel's name marked for the defendant, although counsel appeared for him at the trial, defendant was as much concluded as if he had come into court and acknowledged the correctness of the account and that it was unpaid. Therefore the court might instruct the jury to return a verdict for the plaintiff.

(a) The permission given to plaintiff to take judgment in cases in default, in §3457 of the code, since the constitution of 1877, is construed to mean permission to take verdict.

2. Hence the court did not err in refusing to permit defendant's counsel to address the jury; nor did he err in refusing to grant a nonsuit, nor in not ruling out plaintiff's evidence.

April 16, 1888.

Practice. Charge of court. Service. Construction.

Argument.    Before Judge VAN EPPS.    City court of
Atlanta.    December term, 1887.

For a more complete understanding of the second
head of the decision, a portion of the third ground of
the motion for a new trial, not therein contained, is here
stated, as follows:

" Because at the close of the plaintiff's evidence, the
defendant offering no evidence, the court, without allow-
ing defendant's counsel to argue the case to the jury
(said counsel not waiving his right to make said argu-
ment), announced to the jury that he would dispose of
the case; and he thereupon charged the jury " as set out
in the decision; " which action of the court in disposing
of said case and not allowing defendant's counsel to
argue the same " the defendant assigned as error.

JOHN C. REED, by brief, for plaintiff in error.

PORTER KING, contra.

SIMMONS, Justice.

The Gate City Gas-Light Co. brought their action of
complaint against John Stephens, wherein it alleged
that Stephens was indebted to it in the sum of $219.15,
besides interest, on account of gas consumed by him,
which account he refused to pay.  A copy of the com-
plaint was served personally upon the defendant by the
sheriff.  The record discloses that no plea was filed by
the defendant; nor is it shown that any answer was
made by him when the case was called, at the appear-
ance term thereof.  Evidence was introduced by the
plaintiff to prove the correctness of the account, and to
show that Stephens had admitted that the account was
correct; and it was admitted by the defendant's counsel
that the defendant was administrator on the estate of

Edward Mercer, and that as such he undertook to carry on the business of his intestate for the current year, and that the plaintiff furnished gas to him which was used in carrying on that business. The defendant's counsel appeared at the trial, and when the plaintiff closed its evidence, he moved to nonsuit the case, on the ground that the evidence did not make out the plaintiff's case. The court overruled the motion, and the defendant then moved to rule out the plaintiff's evidence, on the ground that a personal liability was claimed in the declaration, while only liability of the defendant as administrator was proved; which motion the court refused. The court then charged the jury, and under his charge the jury returned a verdict for the plaintiff. The defendant moved for a new trial; which motion was overruled by the court, and he excepted. The grounds of his motion are, in substance, (1) that the court refused the nonsuit; (2) that the court refused to rule out the evidence of the plaintiff; (3) because of the charge of the court; a portion of which was as follows:

"It is in proof, and I charge you that the facts of this case are wholly undisputed, that the gas was so furnished as set out in the account sued on; and that the items of this account are correct and unpaid. . . . . There being no dispute as to the facts of this case, and the question of liability being one of law, the court directs you to return a verdict for the plaintiff for the amount of the account sued on, with interest thereon, from the date of the last item, at the rate of seven per cent. per annum." The exception to this charge is, that it stated the result of the evidence and directed a certain finding by the jury.

1. Under the facts of this case, we see no error in the charge complained of. As has been shown in the statement of facts, a copy of this declaration and account

was served personally on defendant. No plea was filed and no answer made at the appearance term, and no counsel's name was marked for the defendant, so far as the record discloses. The code, §3457, declares that in suits on open accounts, " where the writ or process has been served personally . . on the defendant, and there is no defence made by the party sued, either in person or by attorney, at the time the case is submitted for trial, the case shall be considered in default, and the plaintiff shall be permitted to take judgment (which, since the constitution of 1877, is construed to mean a verdict,) as if each and every item were proved by testimony." This is the same as if the defendant had come into court and acknowledged the correctness of the account and that it was unpaid. If the defendant had done so in this case, the court would have had a right to instruct the jury to return a verdict for the plaintiff, and that is what the court did, in substance, in the charge complained of.

2. The defendant having been personally served, and having made no defence, and the statute construing his silence as an admission of the correctness of the account, there was nothing for counsel to argue to the jury; and the court did not err in refusing to allow him to address the jury. This case differs from that of *Durden vs. Carhart & Brother*, 41 *Ga.* 76. In that case, while no plea was filed by the defendant, there was no personal service, and the proof of the account was not satisfactory; and this court held that, although the defendant had filed no plea, he had a right to object to the rendition of a verdict against him for the want of sufficient evidence, and that he had a right to argue upon the evidence to the jury.

If we are right in the foregoing remarks, of course

the court did not err in refusing to grant the nonsuit, or in not ruling out the plaintiff's evidence; and the judgment is affirmed.