PHILLIPS & COMPANY *v.* COLLIER.

In a suit upon an open account, personally served, judgment entered upon a verdict directed by the court when the case was regularly called for trial, neither of the defendants nor their counsel appearing, though the counsel's name had been marked upon the bar-docket, will not be set aside on motion showing that the counsel had received from another member of the bar a promise to procure for him leave of absence from the call of the docket, which promise was forgotten and not fulfilled, that the defence was a good one, and that the counsel was insolvent, together with an offer to pay the costs and plead to the merits *instanter*. (R.)

March 23, 1891.

Judgment. Practice. Attorney and client. Before Judge VAN EPPS. City court of Atlanta. September term, 1890.

The plaintiffs in error moved to set aside a judgment which had been rendered against them by default in a suit upon an account, which was personally served. It appears that upon being served, they employed counsel who entered his name on the bar-docket of the court at the appearance term, and they relied upon him to notify them when to appear. At the trial term the docket was called, and the case was placed on the trial calendar. When it was sounded for trial, neither of the movants nor their counsel was present; and upon inspection of the papers the judge directed the jury to return a verdict for the plaintiff, upon which the judgment was entered. Counsel for the movants had received a promise from another member of the bar to procure for him leave of absence from the court at the call of the docket, but the promise was forgotten and not fulfilled. The motion avers that the movants had a good defence, to wit, that the goods for the price of which the account was made, were not bought by them of the plaintiff, but were consigned by the plaintiff to them to be sold on commission. They further say that they are willing to pay all costs accruing from the default, and to plead *instanter* to the merits; and that they are informed that their counsel is insolvent. The motion was overruled, and exception was taken.

MAYSON & HILL, for plaintiffs in error.

R. J. JORDAN, *contra*.

SIMMONS, Justice.

Under the facts in this case the court did not err in refusing to set aside the judgment. There was no defect apparent on the face of the record or pleadings; nor is it alleged that there was any defect therein. We

do not think the reasons assigned in the motion to set aside the judgment were sufficient to authorize the trial judge to grant the motion. While it is true that counsel for the movants had marked his name on the docket, yet when the case was called for trial, neither he nor they appeared to defend the same. The suit being on an open account and there being personal service on the defendants, the court directed the jury to find a verdict for the plaintiff. This was proper, under the decision of this court in the case of *Stephens* v. *Gate City Gas-Light Co.*, 81 *Ga.* 150, where it was held that in a suit upon an open account, where there was personal service on the defendant, "he was as much concluded as if he had come into court and acknowledged the correctness of the account and that it was unpaid." If counsel had been present and had neglected to summon witnesses and prove his defence, the court must have taken the same action, and the defendants, under that state of facts, would have had as much right to move to set aside the judgment as they would in this case. Unfortunately for them they employed counsel who neglected their business, and they must look to him for redress, instead of asking the court to set aside a solemn judgment because of his negligence.

But it is said that counsel is insolvent and cannot answer to the plaintiffs in error in damages for his negligent conduct. In reply to this it is sufficient to call attention to the case of *Phillips* v. *Taber*, 83 *Ga.* 573, where the same point was made, and in which this court said: "We do not think the plaintiff in error is entitled to any relief on this ground. Phillips doubtless knew the pecuniary condition of his counsel when he employed him. Whether he did or not, it would be a new doctrine to establish in Georgia that third parties are to be deprived of their rights because the defendant or the plaintiff, as the case may be, had employed an impecunious attorney." *Judgment affirmed.*