| 93 | 317 |
| 93 | 319 |

MATTHEWS *v.* BATES, KINGSBERY & COMPANY.

1. The discretion of the court in denying a continuance will not be overruled, the motion therefor being based on the ground that the party was providentially absent on account of the sickness of his wife, and the only proof of the providential cause being the affidavit of a physician, made five days before, in which the opinion was expressed that the husband could not safely leave her more than five or six hours at a time during the next week without danger to her, and it appearing by a counter-showing that two or three days after the affidavit was made the husband had gone on business to a city in an adjoining county about eight miles from his home and that his home was not exceeding ten miles from the place where the court was sitting.

2. The action being upon an unconditional promissory note, to which no defence was filed except a sworn plea of the general issue, it was within the discretion of the court to call the case for trial out of its regular order on the docket, and there was no abuse of discretion in so doing; nor was there any error in directing a verdict for the plaintiff.                    . *Judgment affirmed.*
January 27, 1894.

Suit on promissory note. Before Judge GOBER. Madison superior court. September term, 1892.

The note sued on was dated January 29, 1890, and was due November 1, 1890, at the National Bank of Athens. Below and to the left of the signature were written the words, "Residence Athens, Ga." · The suit was commenced July 10, 1891. The defendant pleaded the general issue. The note and nothing else appeared in evidence. The court instructed the jury to find for the plaintiff the amount of principal, interest, costs and attorney's fees due thereon. This was assigned as error. It was further alleged that the court erred in refusing to continue the case (as to which ruling the first head-note sufficiently states the facts); and in calling the case out of its order on the docket, over objection of defendant's counsel, who claimed that it would not have been reached in its regular order during the term. It was called on Friday of the court week. Some cases went over for the term by consent. A good deal of business was disposed of on Friday, some of which went upon the docket after this case. Plaintiffs' counsel were non-residents, and were pressing for a trial. There were cases on the docket ahead of this one, that had not been tried, and, as the judge remembered, had not been regularly called. His rule has been to accommodate non-resident counsel when he can.

D. W. MEADOW and B. T. MOSELEY, for plaintiff in error. W. H. SIMPKINS and H. C. TUCK, *contra.*