## PARKMAN *v.* DENT, to use.

1. Where the defendant in a civil action brought under the pleading act of 1893, and to which the practice act of 1895 could not in any event be regarded as applicable, made no defense at all until the trial term, there was no error in striking on demurrer a plea or answer then filed, and which did not even attempt a compliance with the provisions of the former act.

2. This was in substance, save as to a prayer for injunction, which was not in issue at the trial term, nothing more than an action to recover upon a promissory note given for the purchase-money of land by the defendant who had received no bond for titles; and there was, after properly striking his plea, certainly no error in taking as true all the material allegations of the plaintiff's petition, or in rendering a judgment in his favor for the principal and interest due upon the note, with costs. The question whether or not there was error in so framing this judgment as to make it declare that it should be a special lien upon the land in question is not made by a mere general assignment that the court erred in rendering the judgment.

Argued April 20, — Decided May 21, 1897.

Equitable petition. Before Judge Butt. Chattahoochee superior court. March term, 1896.

*C. J. Thornton,* for plaintiff in error.
*Brannon, Hatcher & Martin,* contra.

COBB, J.   Suit was brought by T. R. Dent for the use of J. E. Deaton against N. T. Parkman. The petition alleged that the defendant was indebted to the plaintiff upon a promissory note, which was given for the purchase-money of a lot of land; that he had been placed in possession of the land, but that no bond for titles, or other writing, had been delivered to him; that he was insolvent, and was threatening to sell the timber from the land. Plaintiff prayed a judgment for the amount of the note, to be a first lien on the land, and that the defendant be enjoined from cutting or removing timber from

the land.　An interlocutory injunction was granted, and the case came on for a final hearing at the March term, 1896, of the superior court of Chattahoochee county.　On demurrer the answer of the defendant was stricken, and the court, taking the allegations of the petition as true, entered a judgment for the amount of the note, decreeing the same to be a first lien on the land.　To the decision striking the answer and entering judgment for the plaintiff, the defendant excepted.

1. The petition having been filed on March 21, 1895, and process issued returnable to the September term, 1895, and no answer of any character having been filed until the March term, 1896, there was no error in striking the answer then filed as being too late.　Especially is this true, where the answer thus filed did not in any way attempt a compliance with the provisions of the pleading act of 1893.　The declaration was divided into distinct and orderly paragraphs as required by the act, and the answer filed did not attempt in any way to answer the paragraphs.　As the case was in default at the time of the passage of the practice act of 1895, the provisions of that act as to filing an answer at the trial term were not applicable to the case.　Acts 1893, p. 56; Acts 1895, p. 44.

2. The declaration in this case, except as to the prayer for injunction and the allegations in support of such prayer, was in effect only an action to recover upon a promissory note for the purchase-money of land where the vendee had received no bond for titles; and after all the pleas filed by the defendant had been stricken, there was no error in the court's taking as true the allegations of the several paragraphs of the plaintiff's petition, and in rendering judgment in his favor for the principal and interest due upon the note, with costs.　Whether or not it was erroneous, under the facts of this case, to declare that the judgment rendered should be a special lien upon the land in question, is not necessary to be decided, as there is no assignment of error in the bill of exceptions which raises this question with sufficient clearness.

*Judgment affirmed.　All the Justices concurring.*