## 14474.　MULLING *v.* FIRST NATIONAL BANK OF VIDALIA.

Where, after entry of default as to the defendant, an action upon a promissory note was, on his motion, dismissed at the trial term, for want of prosecution, but was on the same day reinstated, and at a subsequent term judgment was rendered against him for the amount sued for, no defense having been filed, it was not error for the court to overrule a motion of the defendant, made more than a year later, to set aside the judgment, although neither he nor his counsel had notice or knowledge as to the reinstatement of the case or as to the subsequent judgment until just before the filing of the motion.

DECIDED JULY 10, 1923.

Motion to vacate judgment; from city court of Reidsville — Judge Cowart. February 7, 1923.

The judgment overruling the motion states, that, " it appearing from the pleadings and the evidence submitted on said motion

that the movant . . had never filed any defense to the suit pending against him, and that at the time the original order dismissing the same was entered the same was actually in default, and it appearing that the order vacating the order of dismissal and reinstating the suit was rendered in open court on the same day that the same was entered, and no reason being shown why defense had not been filed to the original action, and it further appearing that even if the judgment was vacated and set aside it would now be too late to file any defense to the action, and for this reason the order vacating the judgment would be of no value to the movant," it is therefore adjudged that the motion be overruled.

*H. H. Elders,* for plaintiff in error. *H. C. Beasley,* contra.

Luke, J. The First National Bank of Vidalia brought suit against Harry Mulling and J. M. Mulling upon a promissory note. The suit was served upon J. M. Mulling. It was returnable to the September term, 1920, of the city court of Reidsville. There was no plea filed by J. M. Mulling at the appearance term, and the case was marked in default. At the December term, 1920, there was still no plea and answer to the suit, but upon the call of the case the plaintiff's counsel was not present, and the judge of the city court dismissed the case for want of prosecution. On the day of the dismissal the case was reinstated upon the docket and the order dismissing the case vacated. Thereafter, at the September term, 1921, the court rendered judgment in favor of the plaintiff against J. M. Mulling for the amount of the principal and interest due on the note sued upon. On December 18, 1922, the defendant J. M. Mulling moved to vacate and set aside this judgment, upon the ground that he and his counsel were present at the December term, 1920, when the suit was dismissed for want of prosecution, and that neither he nor his counsel knew that on the same day the case was reinstated upon the docket, and did not know until December, 1922, that at the September term, 1921, judgment was rendered against him; he and his counsel insisting that they should have had notice of the reinstatement of the case. Upon the hearing of the motion to vacate and set aside the judgment J. M. Mulling testified: that he was present when the case was dismissed for want of prosecution, and that his attorney also was present, and that he had had no notice of the judgment vacating the order of dismissal and the reinstatement of the case;

that he did not known whether there had been any plea filed in his behalf, but was under the impression that there was a plea fixed for him to sign. His attorney testified: that he (the attorney) was present when the case was dismissed, and that he did not know that the judgment of dismissal had been vacated and the case reinstated until several months after judgment had been rendered against his client; that he had received no notice of any kind and had no knowledge otherwise of the reinstatement of the case. The plaintiff introduced in evidence the record in the case, which shows that the case at the appearance term was marked in default for the reason that there was no plea, answer, or appearance by the defendant; that at the trial term the case was dismissed during the absence of the plaintiff's attorney, and on the same day, in open court, the judgment of dismissal was vacated and the case reinstated on the docket; that subsequently and at another term of the court judgment was regularly rendered in favor of the plaintiff, and that there never was any plea or answer filed by the defendant. Upon hearing the evidence the court rendered the following judgment: "The within motion to set aside and vacate judgment coming on for a hearing before me on the 19th of January, 1923, as set out in the original order and rule nisi, and it appearing from the pleadings and the evidence submitted on said motion that the movant, J. M. Mulling, had never filed any defense to the suit pending against him, and that at the time of the original order dismissing the same was entered that the same was actually in default, and it appearing that the order vacating the order of dismissal and reinstating the suit was rendered in open court, on the same day that the same was entered, and no reason being shown why defense had not been filed to the original action, and it further appearing that even if the judgment was vacated and set aside, it would now be too late to file any defense to the action, and for this reason the order vacating the judgment would be of no value to the movant; it is therefore considered and adjudged that the within motion be and the same is hereby overruled and denied."

The court properly overruled and denied the motion to vacate and set aside the judgment. In all cases it is the duty of the judge of the court, upon the call of the appearance docket at the first term of the court, where the defendant has filed neither de-

murrer, plea, answer, nor other defense, to mark the case as "in default." As a matter of right such default may be opened within 30 days, on compliance with the Civil Code (1910), § 5654, and such default may be opened at the trial term in the discretion of the judge, as is provided by the Civil Code (1910), § 5656. When the case is marked in default and such default is not opened in one of the methods provided by law, the plaintiff is entitled to take a verdict or judgment as the case may require, as is provided for in the Civil Code (1910), § 5655. The motion to vacate the judgment in the case now here for review gives no meritorious reason why the judgment should have been vacated. The defendant had never appeared and pleaded. The plaintiff as a matter of right was entitled to his judgment.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*