### 17699.   STATE MUTUAL LIFE INSURANCE CO.
### *v.* JACOBS.

Under the Civil Code (1910), § 5662, where a suit is brought upon a promissory note obligating the maker to pay a certain per cent. of the principal and interest as attorney's fees, and where the petition contains allegations showing that the plaintiff gave to the defendant the notice contemplated by section 4252, and where no defense has been filed within the time provided by law, the averment with reference to the giving of notice will be deemed to have been admitted, and no other proof thereof will be necessary to authorize a recovery of such fees. In such a case, if a jury be empaneled, the judge is authorized to direct a verdict in favor of the plaintiff for the attorney's fees, without proof. The court having properly directed a verdict for the plaintiff, which included a recovery of attorney's fees, it was error thereafter to amend the judgment entered on the verdict by striking therefrom the recovery as to such fees.

DECIDED APRIL 16, 1927.

Complaint; from city court of Carrollton—Judge Hood.   September 17, 1926.

*Boykin & Boykin,* for plaintiff.

BELL, J.   This case is here upon exceptions by the plaintiff to an order of the court striking all attorney's fees from the judgment as originally rendered in the plaintiff's favor.   The suit was predicated on two promissory notes, aggregating $1,750, and an account for an item of $20.50 paid by the plaintiff on an insurance policy for the benefit of the defendant.   The notes contained a promise by the maker to pay 10 per cent. for attorney's fees in case of suit or collection by attorney.   The petition alleged that the defendant was indebted for such fees, and averred the giving of the notice contemplated by the Civil Code (1910), § 4252, a copy of the

Bills and Notes, 8 C. J. p. 1099, n. 33; p. 1100, n. 43.
Judgments, 34 C. J. p. 243, n. 55.

notice being attached to the petition. The defendant having failed to answer, the case was at the return term marked in default. At the trial term, the court, without requiring the introduction of evidence, and in the absence of evidence, directed a verdict in favor of the plaintiff for principal, interest, and attorney's fees as sued for. Judgment was duly entered accordingly. The court subsequently amended the judgment by striking the recovery of attorney's fees, and the plaintiff excepted.

The order amending the judgment shows that it was rendered because there was no proof of the allegation of the petition in reference to the notice to the defendant of the plaintiff's intention to sue for attorney's fees. It seems that the able judge of the court below was induced to pass this order by the interpretation placed by him upon the decision of this court in *Turner* v. *Bank of Maysville,* 13 *Ga. App.* 547 (... S. E. ...). Some of the language of that decision may not be entirely clear, and may perhaps be susceptible of such a construction as would justify the order complained of. However, in *Valdosta &c. R. Co.* v. *Citizens Bank,* 14 *Ga. App.* 329 (80 S. E. 319), it was said that the ruling in the *Turner* case "is not to be construed as a holding that affirmative proof of the fact that written notice of the suit was given is necessary when the fact of notice is not denied."

The act creating the city court of Carrollton (Ga. L., 1897, 438) provides that civil cases shall stand for trial at the second term, as in the superior court, and that "all laws and rules of court in regard to appearance and pleading, and all proceedings had in the superior courts shall apply to and govern said city court in all its proceedings, unless otherwise provided in this act"; also that the mode of commencing suits and of filing defenses, and all matters pertaining to pleading and practice in the superior courts shall obtain in such city court "if not in conflict with this act." The act further provides that "the judge of said city court shall have power and authority to hear and determine all civil cases in said city court, and render judgments therein, without a jury; provided, that either party shall be entitled to a trial by a jury upon entering a demand therefor in writing on or before the call of the appearance docket at the appearance term, when by law he is entitled to a jury trial." No demand was made for a jury trial in the present case, but this did not render it man-

datory upon the judge to determine the case without a jury. "The notes sued upon were unconditional contracts in so far as they stipulated for the payment of principal and interest, and were conditional in so far as the promise to pay attorney's fees was concerned, the condition being supplied by the statute which makes the giving of written notice of the intention to bring suit a condition precedent to the recovery of attorney's fees. Civil Code (1910), § 4252. The code provides that in all cases, except actions for unliquidated damages and suits on unconditional contracts in writing, where no defense has been filed by the party sued, the plaintiff shall be permitted to take a verdict as if each and every item and paragraph were proved by testimony. Civil Code (1910), § 5662. The stipulation for attorney's fees being conditional, the judge could not, even though no defense was filed, enter up a judgment as upon an unconditional contract in writing. It has been expressly held, however, by this court that where no defense is filed, the judge may direct a verdict for attorney's fees, without further proof than the admission implied from the failure to deny the giving of the notice required by law." *Valdosta &c. R. Co.* v. *Citizens Bank,* supra.

Since no jury trial was demanded, the judge might have disposed of the case as by a *finding* and judgment in favor of the plaintiff without the intervention of a jury, and could have done so without requiring the introduction of evidence, the case being in default. But, irrespective of the power of the judge to have disposed of the case in this manner, there was no error in directing a verdict under the facts appearing. If the authority of the judge of the city court of Carrollton to render judgment without a verdict of a jury, were limited to suits on unconditional contracts in writing, where no issuable defense is filed under oath or affirmation, this would "not mean that even in those cases where the verdict of a jury is necessary, the court may not direct it where it is demanded by the law and facts" (*Pape* v. *Woolford Realty Co.,* 35 *Ga. App.* 284 (6), 134 S. E. 174), as in cases falling under the provisions of the Civil Code (1910), § 5662. See further, in this connection, *Ivey* v. *Payne,* 8 *Ga. App.* 760 (70 S. E. 140) ; *Anderson* v. *King,* 19 *Ga. App.* 471 (91 S. E. 788); *Pierce* v. *Jones,* 36 *Ga. App.* 561.

It follows from what has been said that, except to the extent of

$2.05, illegally recovered on the item of $20.50 for which the plaintiff sued on account, the trial court erred in amending the judgment by striking plaintiff's recovery of attorney's fees.

*Judgment reversed.   Jenkins, P. J., and Stephens, J., concur.*