## SMITH *v.* CONE.

No. 7951. JANUARY 13, 1931.

*E. L. Smith,* for plaintiff in error. *J. M. Cowart,* contra.

GILBERT, J. A proceeding brought by Smith against Cone, to forclose a lien for attorney's fees, was returnable to the June term, 1929, of Calhoun superior court. The process required the

defendant to appear on June 3. On May 5, previously to the return day, Cone filed his defense. Throughout the day of June 3, the attorney employed by Cone, and who had filed the defense, was present in court for the purpose of appearing and representing Cone. This attorney did not hear the case sounded for trial, "if it was actually called." Upon ascertaining from the clerk that final judgment had been rendered in the cause, Cone's attorney called the attention of Smith and the court to the fact that the judgment "had been rendered inadvertently and through mistake by the court," and that Cone's answer had been filed. In conference then had between Cone's attorney, the court, and Smith, the latter, after reading Cone's answer, agreed that if Cone could show that the attorney's fee, the subject-matter of the proceeding to foreclose the lien, had been paid to one Peek, an attorney with whom Smith had been associated, the judgment which Smith had procured would be vacated and no execution would be issued. Upon this understanding with Smith, Cone did not at that time "file his motion or bill in equity to set aside the judgment." On June 10 a certificate "that all attorney's fees in said matter had been paid in full" to Cone was tendered to Smith, who failed and refused to cancel his judgment and execution.

Cone filed, during the December term, 1929, an equitable petition which, as amended, alleged that by reason of the facts stated above the judgment and execution in the proceeding to foreclose the lien were issued by mistake and accident, without negligence or fault on his part; that he was not seeking delay, but in good faith believed his defense meritorious; that he was entitled under the law to a trial on the merits; that he was ready and willing to try the case at the next term of court; and that Smith was undertaking to make his judgment by selling certain land belonging to Cone, against which the lien was established. The prayer was that the judgment in the lien foreclosure be vacated; for injunction restraining Smith from proceeding to enforce the collection of the execution; that the same be canceled; that the answer which he had filed be made a part of the record; and that the cause be set down for hearing at the next regular term of court. This petition was demurred to generally on the ground that it failed to set out a cause of action at law or in equity. There were special demurrers on the grounds (a) that there was not attached a copy of the execu-

tion issued; (b) that the copy of the defense filed in the lien fore-closure, attached as an exhibit to the equitable petition, showed that the same was not verified as required by the Civil Code (1910), § 3279; (c) that the allegations of the petition that the judgment and execution were rendered by mistake and accident, that peti-tioner was not seeking delay, but was ready to go to trial on the merits, and with respect to the agreement made by Smith concern-ing the vacating of the judgment, were immaterial and irrelevant. The court overruled the demurrer and rendered a decree setting aside the judgment obtained by Smith. The defendant excepted.

It was essential, in order to constitute a cause of action, that the petition should allege that there was a legal defense actually filed to the foreclosure proceedings instituted by Smith, and that the same was actually urged before the court, or that Cone's at-torney was prevented from doing so by some fraud or undue ad-vantage taken by Smith. The answer to that proceeding was not urged before the court, and counsel for Cone assigns no reason ex-cept that he did not hear the case called. He imputes no wrong conduct to Smith. It must be assumed that the judgment was regularly rendered in open court, and strictly in accordance with the requirements of law. What, then, of the defense filed? Did it amount in law to a defense? The law required the answer to the foreclosure proceeding to be verified. It appears that the answer was not verified. Smith specially demurred to the petition with that answer annexed as an exhibit, on the ground that the answer was not verified according to law. Counsel for Cone replies, that, though not verified, the answer was not a nullity. That is true; it was an amendable defect. But no amendment has been offered and allowed. The answer is still defective, and therefore the petition, which depends upon the answer as one of the essentials to make it valid as against demurrer, is also defective and subject to demurrer. It is no reply to the present proceeding, that the answer was merely defective and the defect could be cured by amendment, unless it is further shown that the defect was cured. It is insisted that when the judgment on the lien foreclosure was rendered, there was no demurrer to the unverified answer and that it was good as an answer unless objection was made by demurrer. Manifestly, if the answer had been brought to the attention of the court when the case was called, and the defect had been pointed out

by special demurrer, an amendment would have been allowed and the defect cured. Failure then to demur would have amounted to a waiver. But this did not occur, and has not yet occurred. When, therefore, the court, in the regular course of its business, awarded a judgment to Smith in his foreclosure proceeding, there was no *legal defense* filed and urged as the record then stood. The allegation that the attorney was present in court for the purpose of appearing and representing Cone, and that he did not hear the case sounded for trial, "if it was actually sounded," is not the equivalent of an allegation that the case was not regularly called for trial. Considering the allegations of the petition, therefore, in the only way they can properly be considered under established rules of construction, the petition does not allege that the case was not called. Counsel representing their clients in pending suits are charged with the duty of keeping themselves informed of the exact status of all proceedings in court in which they are interested. It is not the duty of the court to keep them informed other than by announcements from the bench in open court, unless there be some agreement or special circumstances. *Scarborough* v. *Information Buying Co.*, 171 *Ga.* 872 (154 S. E. 350). "The laws assist those who are vigilant, not those who sleep over their rights." Broom's Legal Maxims, 688.

In *Phillips* v. *Collier*, 87 *Ga.* 66 (13 S. E. 260), a strikingly similar situation existed: There was a suit on an open account with personal service. Judgment was entered upon a verdict directed by the court when the case was regularly called for trial. Neither the defendants nor their counsel appeared, though the name of counsel had been marked upon the bar docket, which, at that time, constituted an appearance. Counsel for defendant subsequently moved to set aside the judgment which had been rendered, on the ground that counsel for movant had received a promise from another member of the bar to procure for him leave of absence from the court at the call of the docket, but the promise was forgotten and not fulfilled. The motion averred that movants had a good defense, which allegation seemed to be true. As a further ground they alleged that they were informed that their counsel was insolvent. The motion was overruled, and exception was taken. This court ruled that under the facts of the case the court did not err in refusing to set aside the judgment. This court said:

"We do not think the reasons assigned in the motion to set aside the judgment were sufficient to authorize the trial judge to grant the motion. While it is true that counsel for movants had marked his name on the docket, yet, when the case was called for trial, neither he nor they appeared to defend the same. The suit being on an open account and there being personal service on the defendants, the court directed the jury to find a verdict for the plaintiff. This was proper, under the decision of this court in the case of *Stephens* v. *Gate City Gas Light Co.*, 81 *Ga.* 150 (6 S. E. 838), where it was held that in a suit upon an open account, where there was personal service on the defendant, 'he was as much concluded as if he had come into court and acknowledged the correctness of the account and that it was unpaid.' If counsel had been present and had neglected to summon witnesses and prove his defense, the court must have taken the same action, and the defendants, under that state of facts, would have had as much right to move to set aside the judgment as they would in this case." The facts alleged in the present equitable petition do not show any fraud, accident, or mistake, nor do they show any intentional advantage taken by the defendant Smith. And for these reasons also the petition failed to state a cause of action. The petition, filed at a term of court subsequent to the term when the judgment was rendered, seeks to set aside a valid judgment rendered by the court; and the court therefore erred in refusing to dismiss the petition on general demurrer.

The foregoing sufficiently discusses the case in all its bearings, with one exception. That exception is that the equitable petition to set aside the judgment alleges that after the judgment was rendered Cone's attorney called Smith's attention, in the presence of the court, to the fact that the judgment "had been rendered inadvertently and through mistake of the court," and that Cone's answer had been filed, and that in this conference Smith agreed that if Cone could show that the attorney's fee had been paid to Peek the judgment which Smith had procured would be vacated. The question is whether this agreement afforded sufficient authority for the ruling of the court setting aside the judgment previously obtained by Smith. Rule 19 of the Superior Courts, found in the Civil Code (1910), § 6278, is as follows: "No consent between attorneys or parties will be enforced by the court, unless it be in writing, and signed by the parties to the consent, where such

consent or agreement is denied by the opposite party." We are now discussing the case with reference to the sufficiency of the petition when attacked by demurrer, and it is proper to say that under the petition it must be inferred that there was such an oral agreement as the petition alleges, and that the agreement is not denied by Smith. We come then to the question whether or not the agreement, in such circumstances, authorized the judge to set aside the judgment obtained by Smith. We think it is clearly insufficient. See *Exchange Bank of Macon* v. *Elkan,* 72 *Ga.* 197; *Mathews* v. *Bishop,* 106 *Ga.* 564 (32 S. E. 631); note to Citizens National Bank *v.* Branden, 27 L. R. A. (N. S.) 858; 1 Freeman on Judgments, § 248. In *Phillips* v. *Collier,* supra, the agreement was not made with opposite counsel of his client. It was made previously to the rendition of the judgment it was sought to set aside. In this case the alleged agreement was made subsequently to the rendition of the judgment and with the opposite counsel who was representing himself in propria persona. It is obvious that the agreement pleaded had nothing to do with the rendition of the judgment, and is not offered as an explanation of the failure of Cone's counsel to respond on the call of the case and to urge his defense to the foreclosure proceeding. The agreement, having been made subsequently to the rendition of the foreclosure judgment, can not furnish authority therefore for setting aside that judgment. It stands as a mere naked promise, without consideration, and can not be enforced.

*Judgment reversed. All the Justices concur.*