### 40150. WILLIAMS v. LINN.

PANNELL, Judge. The facts as set out in the bill of exceptions and record are substantially as follows: On March 31, 1961, R. F. Linn filed suit for damages against R. R. Swartzbaugh and C. E. Williams, as defendants. To this petition, Swartzbaugh, by consent of counsel, filed his answer on June 13, 1961. By letter, received on June 27, 1961, defendant Williams' attorney notified the clerk of court that he was refused consent to file his answer and that he requested his name be entered as counsel; and further, "When the case is put on the trial calendar I expect to appear in his (Williams') behalf and contest any judgment which the plaintiff may seek." Said letter shows copy to plaintiff's attorney. The letter was attached to the record by the clerk.

---

On July 3, a covenant not to sue was entered into between plaintiff and defendant Swartzbaugh in consideration of $1,100. A dismissal as to Swartzbaugh was filed by plaintiff on July 6, 1961, but it was provided in said dismissal that it would not operate as a release to C. E. Williams.

This case has never appeared on any calendar of court for any trial term. At the July term, 1962, plaintiff requested permission of Honorable H. O. Hubert, Jr., judge of said court, to introduce evidence and take a judgment against Williams. The judge required plaintiff's counsel to give notice of his intention to defendant Williams' counsel. This notice was given and counsel for defendant appeared at said July term, but the case was not tried.

The court called a special term, known as the October, 1962, term of said court and prepared a calendar of cases to be tried at said term. This case did not appear on said calendar for trial.

Plaintiff appeared in court at the October, 1962, term and requested to proceed with the case. The case was put on trial by Hon. William T. Dean, judge of said court, without any notice to defendant, Williams, that it would be heard or tried. Plaintiff did not notify defendant or his counsel that he expected to proceed and they had no knowledge of same.

The case was heard before a jury on October 18, 1962, and a verdict of $3,000 rendered in favor of plaintiff against defendant Williams. Evidence of the covenant not to sue and the payment of the $1,100 by Swartzbaugh was not before the jury.

On October 29, 1962, upon motion filed by defendant Williams, to set aside the verdict and judgment, the court entered an order in the form of a supersedeas to suspend operation of the judgment previously entered on October 18, 1962.

Prior to a decision on defendant's motion to set aside the verdict and judgment, defendant twice amended his motion and said amendments were allowed and filed.

On February 15, 1963, plaintiff filed his motion to be allowed to reduce the judgment awarded by writing off the sum of $1,100. This motion was allowed. On same date Judge Dean, after hearing, entered an order overruling defendant Williams' motion to set aside the verdict and judgment, and motion for new trial and vacated his order of October 29, 1962. *Held:*

■ While in cases in default involving suits on unconditional contracts in writing and actions on account, it has been held that it is not error to enter judgment in the absence of the defendant or his counsel, even though they be not negligent, *Mulling v. First Nat. Bank of Vidalia*, 30 Ga. App. 587 (118 SE 495), *Stephens v. Gate City Gas-Light Co.*, 81 Ga. 150 (1) (6 SE 838), *Phillips & Co. v. Collier*, 87 Ga. 66 (13 SE 260), for the reason that the failure of the defendant to plead amounts to an admission of the facts alleged, including the amount of the indebtedness, and the plaintiff is legally entitled to a directed verdict and judgment for the amount sued for, *Horn v. Mound City Paint &c. Co.*, 6 Ga. App. 133 (3) (64 SE 666), *State Mut. Life Ins. Co. v. Jacobs*, 36 Ga. App. 731 (137 SE 905), such cases have no application, where, although the case is in default, the amount of damages is a matter to be tried and determined before a jury. This is true for the reason that the defendant in the latter instance is entitled to have the plaintiff prove by evidence the amount of the damages (*Code Ann.* § 110-401) and the defendant is entitled to participate in the selection of a jury and cross examine the plaintiff's witnesses, *Davis v. Wimberly*, 86 Ga. 46 (1) (12 SE 208), decided prior to the Act of 1895 (Ga. L. 1895, p. 44), § VI of which was § 110-402 of the Code of 1933, and since the Act of 1895, as changed by § 18 of the New Practice Act of 1946 (Ga. L. 1946, pp. 761, 777; now *Code* § 110-401), the defendant, in addition, has been entitled to introduce evidence as to the damages, *O'Connor v. Brucker*, 117 Ga. 451 (2) (43 SE 731), *Pittman v. Colbert*, 120 Ga. 341 (1) (47 SE 948), or, in the language of the Code, "contest the amount of such damages."

This brings into question the effect of the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 440, 451) repealing *Code Ann.* § 110-401, as amended, and enacting in lieu thereof a new § 110-401, which new section omitted the words "and the defendant may contest the amount of such damages before a jury." We are of the opinion that the omission of these words was a mistake or clerical error. Where a word or words are omitted by mistake or are a mere clerical error and such omission or error is apparent from other language and portions of a statute when construed in connection with the purposes thereof and the old law preceding it, the courts on construc-

tion of the statute may supply the word, or words, so omitted. *Brinsfield v. Carter*, 2 Ga. 143 (2); *Lockett v. Usry*, 28 Ga. 345, 349; *Norton v. Cobb & Crawford*, 20 Ga. 44, 47; 82 CJS 689, Statutes, § 344. The pertinent provisions in *Code Ann.* § 110-401, prior to the Act of 1953 are as follows: "The plaintiff shall be required to introduce evidence and establish the amount of damages before a jury *and the defendant may contest the amount of such damages before a jury* with the right to move for a new trial in respect to such damages, and also to except as in other cases." When repealed and substantially re-enacted by the Act of 1953, the language, "and the defendant may contest the amount of such damages before a jury," was left out. The portion left out ended with a phrase, "before a jury," identical with the last phrase of that portion of the section immediately preceding the portion left out; a typical situation where a line or a part of a sentence is left out by mistake as the eye of the typist jumps from one phrase to another similar phrase nearby, leaving out the matter in between. Prior to the Act of 1953, the language, "with the right to move for a new trial in respect to such damages, and also to except as in other cases," immediately following, referred to the defendant who was in default and gave him these rights in addition to the right to contest the amount of such damages before a jury. This same language as it now appears since the Act of 1953, if the language apparently erroneously omitted is not inserted, refers to the plaintiff and gives him the right to move for a new trial and also to except as in other cases, a right which the plaintiff already had. This clearly demonstrates to us that if the legislature had intended by the Act of 1953 to eliminate the language, "and the defendant may contest the amount of such damages before a jury," it would have eliminated as well the remaining language referred to above or would have stated expressly that the *defendant* would have "the right to move for a new trial in respect to such damages and also to except as in other cases." Whether or not the Act approved March 6, 1962 (Ga. L. 1962, p. 687) amending *Code Ann.* § 110-401, which re-enacted the Code section with some changes, but still leaving out the language left out of the Act of 1953 and still retaining the language above referred to, eliminated the right of a defendant in default to contest

the amount of damages before a jury, it is not necessary to decide—this for the reason that the petition in the instant case having been filed on March 31, 1961, served on April 13, 1961, and being automatically in default 30 days thereafter, is not controlled by the Act of 1962. See, in this connection, *Cunningham & Co. v. Cureton*, 96 Ga. 489 (1) (23 SE 420); *Parkman v. Dent*, 101 Ga. 280 (1) (28 SE 833).

2. It has been held that in motions to set aside verdicts and judgments a failure to allege a meritorious defense is fatal to the motion. *Pryor v. American Trust &c. Co.*, 15 Ga. App. 822 (2) (84 SE 312); *Goodman v. Brown*, 17 Ga. App. 778 (88 SE 593); *Philip Carey Co. v. Sheppard*, 19 Ga. App. 368 (3) (91 SE 444); *Carolina Tree Service, Inc. v. Cartledge*, 96 Ga. App. 240 (8) (99 SE2d 705). Here no attempt is being made to open a default and file defenses generally or to assert defenses previously filed, but only to contest the amount of damages before the jury. The above cases, if applicable, are applicable only to the extent of the defenses available to the defendant and to which he is entitled under the circumstances; that is, he must show that his evidence will authorize a finding of damages *less* than the amount shown by the verdict and judgment sought to be set aside. These cases could not be applied to his right to participate in the selection of a jury, and his right to cross examine the plaintiff's witnesses, these not being matters which can be reduced to defensive pleading or written statement.

3. The general rule that a defendant or his attorney is chargeable with notice that his case, when ripe for trial, may be called for trial at any time during a term of court and even out of its regular order on the docket, in the court's discretion, *Matthews v. Bates, Kingsberry & Co.*, 93 Ga. 317 (20 SE 320), *Frost v. Pennington*, 6 Ga. App. 298 (65 SE 41), *Nixon v. Lehman*, 137 Ga. 516 (73 SE 747), *Duggar v. Lackey*, 85 Ga. 631 (11 SE 1025), does not apply where the *court*, in exercise of its discretion, *prepares a calendar of cases for trial* (Rule 43, *Code Ann.* § 24-3343) at a special term and does not place litigant's case on such calendar. We do not know of any law that makes it the duty of a party or his counsel to inquire or to anticipate that a case not on such calendar will be called for trial in his absence and without notice to him of a change in the judge's order in setting the calendar.

A party and his counsel, not being negligent in failing to be present at the trial of a case on the question of damages, and said party having been denied his right (1) to participate in the selection of a jury, (2) to cross examine the plaintiff's witnesses, has been denied substantial rights. This is so, even though he might not have properly made a case for setting aside the verdict and judgment on the ground that he had not been permitted to introduce evidence because of his failure to show a "meritorious defense"—namely, that his evidence would authorize a finding of damages less than that shown by the verdict and judgment.

4. Since the petition sets forth a cause of action, the defendant was not authorized to have the judgment vacated under the ruling in *Tolbert v. Tolbert*, 41 Ga. App. 737 (154 SE 655).

5. We, therefore, reach the conclusion that where a cause of action ex delicto is in default and ripe for trial before a jury on the question of damages (*Code Ann.* § 110-401), and a special term of court is called for the trial of cases and a trial calendar is made up by the court, without said case being placed upon said calendar for trial, and subsequently said case, at the request of plaintiff, in the absence of defendant and his counsel and without notice to them, is called and tried before a jury, resulting in a verdict in a stated sum against the defendant, such action is error harmful to the defendant and denies him the right (a) to cross examine the witnesses against him, (b) to participate in the selection of a jury, and (c) to introduce evidence in his own behalf on the question of damages, and the trial court erred in refusing to set aside the verdict and judgment so that the case might stand for trial on the question of damages.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

DECIDED OCTOBER 25, 1963—REHEARING DENIED NOVEMBER 8, 1963.

*Walter E. Baker, Jr.,* for plaintiff in error.
*G. William Jessee,* contra.